A96A0883. JACKSON v. THE STATE.
(475 SE2d 717)

BLACKBURN, Judge.

Samuel Dwyane Jackson appeals the trial court's denial of his motion for discharge and acquittal based on his speedy trial demand pursuant to OCGA § 17-7-170.

On April 24, 1995, Jackson was indicted in Greene County for trafficking in cocaine, violating the Georgia Controlled Substances Act, and failure to wear a seat belt. On July 10, 1995, Jackson filed a demand for trial within the present term or the succeeding term of court. Greene County Superior Court has four terms of court which begin on the fourth Monday in January, April, August, and November. See OCGA § 15-6-3 (28) (B). Jackson was indicted and filed his demand for speedy trial within the April term of court. The case appeared on the trial court's July 24, 1995, criminal trial calendar. However, Jackson's attorney requested a continuance due to his participation in a different case being tried in the United States District Court that he estimated would last three to six weeks. Jackson's attorney did not inform the trial court of the completion of the case in the district court; therefore, the continuance was in effect for the full six weeks requested, or until the first week in September.

In the August term of Greene County Superior Court two juries were impaneled; one on August 28, 1995, and the other on September 25, 1995. After the expiration of the continuance, the case was available only for the September 25, 1995, jury, and it was not reached. Thereafter, Jackson moved for an acquittal arguing that the State

had failed to comply with his speedy trial demand pursuant to OCGA § 17-7-170.

"A defendant may waive his right to an automatic discharge under a demand for a speedy trial by some action on his part or on the part of his counsel, such as his own request for a continuance of the case." (Citations and punctuation omitted.) *Jackson v. State*, 172 Ga. App. 359, 360 (323 SE2d 198) (1984) (trial court correctly denied defendant's motion for discharge of indictments after he waived his speedy trial demand for 52 days).

Appellant's reliance on our decisions in *Williams v. State*, 216 Ga. App. 109, 110 (454 SE2d 142) (1995) (Blackburn, J., concurring specially) and *McKnight v. State*, 215 Ga. App. 899 (453 SE2d 38) (1994) is misplaced as these cases are factually distinguishable from the present case. In *Williams*, supra, the trial court continued the case for a period of twenty-one days following counsel's request for a three- to four-day continuance because of a conflicting trial, and the court was then unable to reach defendant's case. *McKnight*, supra, deals with the effect of the absence of counsel at the time the case is called.

In the present action, the defense attorney actively sought and obtained a six-week continuance, effectively foreclosing the State's opportunity to try the defendant until the last impaneled jury. If such continuances did not constitute a waiver of a speedy trial demand, defendants would be in the position to manipulate the trial courts' calendars.

Based upon the foregoing, the trial court correctly denied Jackson's motion for discharge and acquittal.

*Judgment affirmed. Beasley, C. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED SEPTEMBER 10, 1996.

*William H. Lumpkin*, for appellant.
*Fredric D. Bright, District Attorney, Vanessa Flournoy, Assistant District Attorney*, for appellee.

