## A97A0003. CATES v. THE STATE.
(486 SE2d 654)

McMurray, Presiding Judge.

Defendant was charged with homicide by vehicle in the second degree and following another vehicle too closely. He now appeals the trial court's denial of his motion for discharge and acquittal based on the State's alleged failure to comply with his speedy trial demand under OCGA § 17-7-170.

The trial court entered an order finding that defendant filed his statutory demand for trial on November 15, 1994, during a court term in which juries were impaneled and qualified to try him; that defendant was not tried within this court term; that the next succeeding regular court term began on January 3, 1995, and ended on July 3, 1995; that defendant's trial was set for January 20, 1995, but was continued (upon the State's request) and specially set for trial on March 15, 1995; that the trial court granted the State's motion to nolle prosequi the charges against defendant on March 15, 1995; that the State filed an accusation recharging defendant with these offenses on May 26, 1995; that defendant failed to appear when his case was called for trial on June 20, 1995, pursuant to a published trial calendar; that defendant's case was recalled for trial on June 28, 1995, and that defendant's trial then began, which was six days before expiration of the last court term in which defendant was required to be tried under OCGA § 17-7-170 (b). The trial court's order also reveals that defendant requested a recess while the State was presenting evidence on the second day of trial, June 29, 1995 (within the same court term); that the trial court granted this recess until July 6, 1995 (three days after expiration of the court term); that the trial judge presiding over defendant's trial was unable to resume his judicial duties after this recess (due to the sudden death of his father), and that the trial court's Chief Judge declared a mistrial when defendant refused to accept a substitute judge or consent to a recess until the assigned trial judge was able to resume his judicial duties.

The trial court denied defendant's motion for discharge and acquittal, finding that "[t]he conduct of the Defendant and by his counsel of demanding a trial, proceeding to trial, not consenting to a substitute judge and objecting to a further recess of the case in addition to requesting the mistrial and realizing that such action would pass the case into the next term, amounts to conduct seeking to avoid a trial and thereby affirmatively waives the demand." *Held*:

A defendant may waive his right to be tried within the time fixed by OCGA § 17-7-170 (b) by causing or consenting to a delay of the proceedings. *Jackson v. State*, 222 Ga. App. 700, 701 (475 SE2d 717). Such a waiver will not be found, however, where the State unfairly

schedules trial so as to deliberately deprive an accused of his statutory right to a timely trial or discharge. *Birts v. State*, 192 Ga. App. 476, 477-478 (385 SE2d 120). The trial court, in the case sub judice, found no such "prosecutorial misconduct" and we find nothing in the record which refutes this finding. Notwithstanding, defendant contends the State's delay in calling his case for trial was the primary reason he was not tried within the court term prescribed by OCGA § 17-7-170 (b). This assertion is without merit.

OCGA § 17-7-170 does not deprive the State of latitude in managing its caseload. It requires the State to try any person charged with a non-capital offense (who has properly filed a statutory demand) within the term in which "the demand is made or at the next succeeding regular term thereafter, provided at both court terms there were juries impaneled and qualified to try him. . . ." OCGA § 17-7-170 (b). The State discharged this duty by opening its case against defendant during the last court term in which defendant was required to be tried. See *Bailey v. State*, 209 Ga. App. 390 (1) (433 SE2d 610). Defendant delayed the proceedings by asking the trial court to recess trial until three days after expiration of the court term in which defendant was required to be tried. Under these circumstances, as well as defendant's refusal to accept a substitute judge or consent to a recess until the assigned trial judge was able to resume his judicial duties, we cannot say the trial court erred in finding that "[t]he conduct of the Defendant and by his counsel of demanding a trial, proceeding to trial, not consenting to a substitute judge and objecting to a further recess of the case in addition to requesting the mistrial and realizing that such action would pass the case into the next term, amounts to conduct seeking to avoid a trial and thereby affirmatively waives the demand."

The trial court did not err in denying defendant's motion for discharge and acquittal.

*Judgment affirmed. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MAY 8, 1997 —
RECONSIDERATION DENIED MAY 22, 1997 — 

 Before Judge Jackson.

*Casey & Rowsey, Kellie R. Casey*, for appellant.

*June D. Green, Solicitor, James M. Miller, Assistant Solicitor*, for appellee.