A00A0387. THE STATE v. DAVIS.
(534 SE2d 159)

MCMURRAY, Senior Appellate Judge.

In Uniform Traffic Citations filed as of December 11, 1997, defendant Brian Christopher Davis was charged with driving under the influence of alcohol in violation of OCGA § 40-6-391 and improper left turn in violation of OCGA § 40-6-120. He was ordered to appear on January 8, 1998, to answer the charges. On January 8, Davis appeared with counsel and entered a waiver of arraignment, pleading not guilty and demanding a speedy jury trial. Trial was set for November 16, 1998, but the case was reset for March 9, 1999, due to counsel's calendar conflict. The notations of the calendar clerk indicate this rescheduling was as a result of a request for a special setting at the behest of defense counsel. On January 19, 1999, trial counsel obtained leaves of absence covering entire weeks for the entirety of 1999: February 15 through February 19; April 19 through April 23; June 21 through June 25; August 23 through August 27; October 18 through October 22; and December 6 through December 10, because counsel "will be on vacation. . . ." On February 24, 1999, the Solicitor General preferred an accusation, again charging Davis with driving under the influence of alcohol and with improper left turn. On March 9, 1999, Davis moved for discharge and acquittal based on the State's alleged failure to try him within two terms of his speedy trial demand. On August 10, 1999, this motion was granted, and the charges dismissed. Pursuant to OCGA § 5-7-1 (a) (1), the State pursues this direct appeal. There is no question whether jurors

were impaneled, and it is undisputed the case was not tried within the two terms allowed. *Held*:

Any person against whom a true bill of indictment or an accusation is filed for an offense not affecting his life "may enter a demand for trial at the court term at which the indictment or accusation is filed or at the next succeeding regular court term thereafter. . . ." OCGA § 17-7-170 (a). If the accused is not tried when the demand is made or at the next succeeding regular term thereafter, provided at both court terms there were juries impaneled and qualified to try him, he shall be absolutely discharged and acquitted of the offense charged in the indictment or accusation. OCGA § 17-7-170 (b). The protections of this Code section apply to charges made by Uniform Traffic Citations. *State v. Gerbert*, 267 Ga. 169 (475 SE2d 621). But the accused can waive his right to automatic discharge "by some action on his part or on the part of his counsel, such as his own request for a continuance of the case. [Cit.]" *Parker v. State*, 135 Ga. App. 620, 621 (4) (218 SE2d 324). "A waiver of the demand would result from a continuance granted on the motion of the accused, or from any other act on his part showing affirmatively that he consented to passing the case until a subsequent term [outside the period allowed by his demand]." *Walker v. State*, 89 Ga. 482 (15 SE 553). Accord *Adams v. State*, 129 Ga. App. 839, 842 (201 SE2d 649).

In this case, counsel's request for a continuance and consent to reset the trial to a time outside the period allowed by the demand for speedy trial waived defendant's right to automatic discharge and acquittal under OCGA § 17-7-170 (b). The trial court erred in granting defendant's motion.

*Judgment reversed. Johnson, C. J., and Miller, J., concur. Phipps, J., disqualified.*

DECIDED APRIL 26, 2000 —
RECONSIDERATION DENIED MAY 11, 2000 —

*Joseph J. Drolet, Solicitor, Dawn Belisle-Skinner, Assistant Solicitor,* for appellant.

*Bruce F. Morriss, Daniel Shim,* for appellee.

