## A00A0515. FISHER v. THE STATE.
### (534 SE2d 845)

MILLER, Judge.

In the State Court of Fulton County, Robert Fisher was charged by accusation with two counts of DUI and one count of operating a motor vehicle with no license plate. On November 10, 1998, Fisher filed a demand for speedy trial in accordance with OCGA § 17-7-170 (a), and on December 2, he waived formal arraignment and pled not guilty. On December 28, 1998, the trial court issued a notice of trial for 9:00 a.m. on an unspecified date. The court subsequently set Fisher's case for trial on February 25, 1999.

On February 17, Fisher's counsel sent a notice of possible calendar conflicts. The notice explained that counsel was scheduled to try a criminal jury case on Monday, February 22, in the Superior Court

---

of DeKalb County, and another criminal jury case scheduled for February 24, one day prior to Fisher's, in the City Court of Atlanta. Counsel intended to "proceed with each case in the order listed unless directed by the Courts."

When Fisher's case was called on February 25, Fisher appeared but his counsel did not, and the court continued the case until March 30. On April 2, Fisher moved for discharge and acquittal based on the State's failure to try him within the two terms of his speedy trial demand.[1] The trial court denied the motion, and Fisher appeals.

OCGA § 17-7-170 (a) provides that:

Any person against whom a true bill of indictment or an accusation is filed with the clerk for an offense not affecting his life may enter a demand for trial at the court term at which the indictment or accusation is filed or at the next succeeding regular term thereafter. . . .

And OCGA § 17-7-170 (b) adds that if the accused is not tried when the demand is made or the next succeeding regular term, provided that there are juries during both terms impaneled and qualified to try the case, "he shall be absolutely discharged and acquitted of the offense charged in the indictment or accusation."

At the hearing on the motion for discharge and acquittal, Fisher's counsel explained that he tried a case in the City Court of Atlanta on February 24 and that the case was not concluded until the afternoon of February 25, by which time Fisher's case had already been reset. Counsel also stated that at the conclusion of that case, he was not released but was requested to try another case in the same court. The assigned case was not concluded until February 26.

Fisher contends that his counsel's failure to appear due to a calendar conflict cannot result in a waiver of his speedy trial demand. A defendant may waive his right to an automatic discharge under a demand for a speedy trial by some action on his part *or on the part of his counsel*, such as a request for a continuance of the case.[2] And "[a] waiver of the demand would result from a continuance granted on the motion of the accused, or from any other act on his part showing affirmatively that he consented to passing the case until a subsequent term outside the period allowed by his demand."[3] Fisher's reli-

---

[1] The terms of court begin the first Monday in January, March, May, July, September, and November. OCGA § 15-6-3 (3).

[2] *Parker v. State*, 135 Ga. App. 620, 621 (4) (218 SE2d 324) (1975); see *State v. Waters*, 170 Ga. App. 505, 508 (3) (317 SE2d 614) (1984).

[3] (Citations and punctuation omitted.) *State v. Davis*, 243 Ga. App. 867, 868 (534 SE2d 159) (2000).

ance on *McKnight v. State*[4] and *Birts v. State*[5] is misplaced as those cases are factually distinguishable from the present case.[6] Here, to accommodate Fisher's counsel's written request for leave of absence for the week prior to trial, the case was scheduled for the following week.

Counsel chose to try a case the day before Fisher's trial and should have known that it might interfere with his obligation to appear the following day. In our view, by filing the notice of conflict, Fisher's counsel effectively consented to a delay of the trial if Fisher's case were not reached due to the conflict. Even if Fisher's case were not called until after the February 24 case was finally concluded on February 25, when the city court requested him to try another case, counsel should have objected and explained that if he did not appear at Fisher's scheduled trial before the Fulton State Court, he would risk waiving his client's speedy trial demand.

Fisher's counsel proposed no resolution of the potential conflict in his notice or prior to trial, and we cannot allow the extreme remedy afforded by OCGA § 17-7-170 (a) to result from defense counsel's busy trial schedule. Fisher's counsel failed to appear due to noticed conflicts, and Fisher acquiesced in the continuance of the case outside the period allowed by the demand for speedy trial. Thus, the trial court correctly denied Fisher's motion for discharge and acquittal.

*Judgment affirmed. Pope, P. J., and Smith, P. J., concur.*

DECIDED MAY 19, 2000 ▮

*Morriss, Lober & Dobson, Bruce F. Morriss, Daniel Shim*, for appellant.

*Carmen Smith, Solicitor, Cynthia G. Strong, Phillip Jackson, Assistant Solicitors*, for appellee.

---

[4] 215 Ga. App. 899 (453 SE2d 38) (1994) (whole court), aff'd sub nom. *State v. McKnight*, 265 Ga. 701 (462 SE2d 142) (1995).

[5] 192 Ga. App. 476 (385 SE2d 120) (1989).

[6] In *McKnight*, counsel did not appear due to a miscommunication causing him to reasonably believe that he was "on call." *McKnight*, supra, 215 Ga. App. at 905. In *Birts*, the State first scheduled that defendant's case during the two weeks that her counsel had been granted a leave of absence, then rescheduled it (plus three others represented by the same counsel) the following term when counsel also had two days leave. *Birts*, supra, 192 Ga. App. at 477.