## S00G1581. FISHER v. THE STATE.

(545 SE2d 895)

BENHAM, Chief Justice.

On October 1, 1998, appellant Robert Fisher was charged with DUI and operating a motor vehicle without a license plate. On November 10, 1998, appellant demanded a speedy trial pursuant to OCGA § 17-7-170, which provides that a defendant is entitled to be tried in the term the demand is made or at the next succeeding regular court term. The State Court of Fulton County has six terms of court per year, beginning on the first Monday in January, March, May, July, September, and November. OCGA § 15-6-3 (3). Under OCGA § 17-7-170, appellant was entitled to be tried during the November or January term, or be discharged or acquitted of the charges against him.

Appellant's trial was scheduled to begin on February 25, 1999, the next to the last day of the January term. However, nine days before the scheduled date, appellant's counsel sent a notice of conflicts letter pursuant to USCR 17.1 (B). In the letter, appellant's counsel explained that he was scheduled to try a criminal jury case on February 22 in DeKalb Superior Court, another criminal jury case on February 24 in Atlanta City Court, and appellant's case and another criminal case in Fulton State Court on February 25. Appellant's counsel stated in the letter that he would "proceed with each case in the order listed unless directed by the Courts."

On February 25, appellant's case was called for trial and appellant's counsel did not appear in the courtroom. The trial court continued the case until March 30. On April 2, appellant filed a motion for discharge and acquittal due to the state's failure to try him within the November or January terms as required by OCGA § 17-7-170. At the hearing on the motion, appellant's counsel testified that the criminal jury case he was scheduled to try on February 24 did not conclude until the early afternoon of February 25, after the trial court rescheduled appellant's case, and that he agreed to try another matter not listed in the notice of conflicts after the first trial concluded. The trial court subsequently denied the motion. On appeal, the Court of Appeals affirmed the trial court's ruling, concluding that appellant waived his right to a speedy trial by filing a notice of conflict. *Fisher v. State*, 244 Ga. App. 113 (534 SE2d 845) (2000). We granted certiorari to consider whether the Court of Appeals was correct in holding that defense counsel's filing of a notice of conflicts letter, filed pursuant to USCR 17.1 (B), constituted a waiver of the defendant's demand for speedy trial.

The burden is clearly on the state to establish the defendant waived his right to a speedy trial. *State v. McNeil*, 176 Ga. App. 323, 325 (335 SE2d 728) (1985); *Parker v. State*, 135 Ga. App. 620 (4) (218 SE2d 324) (1975). Waiver may result from any act that shows a defendant affirmatively consented to passing the case until a later term. *Sykes v. State*, 236 Ga. App. 518 (2) (511 SE2d 566) (1999); *State v. Waters*, 170 Ga. App. 505 (3) (317 SE2d 614) (1984). When a defendant performs any affirmative act, he is expected to have accepted all of the consequences that arise from the action. *State v. Dymond*, 248 Ga. App. 582 (546 SE2d 69) (2001) (waiver of speedy trial demand results where defendant files motion to suppress which is granted and from which the State appeals); *State v. Davis*, 243 Ga. App. 867 (534 SE2d 159) (2000) (defendant's request to reschedule trial for a date outside of the period required to meet the speedy trial demand resulted in waiver of the demand).

The State argues that filing the conflicts letter was a voluntary act that shows appellant consented to the waiver of his speedy trial demand. We do not agree with that assertion. The filing of a notice of conflicts is mandatory under USCR 17.1. Trial counsel has no discretion in determining the order in which the cases are to be tried. The order of the cases to be tried can be changed only by agreement by the judges on the affected courts. Thus, since the filing of a notice of conflicts is mandatory under the rules, it cannot be evidence that defendant consented to have his case tried at a later term.

However, we do conclude that defense counsel's failure to comply with USCR 17.1 (C) constituted an affirmative act which waived appellant's speedy trial demand. USCR 17.1 (C) states:

In the event any matter listed in the letter notice is disposed of prior to the scheduled time set for any other matter listed or subsequent to the scheduled time set but prior to the end of the calendar, the attorney shall immediately notify all affected parties, including the court affected, of the disposal and shall, absent good cause shown to the court, proceed with the remaining case or cases in which the conflict was resolved by the disposal in the order of priorities as set forth heretofore.

The record does not reflect that defense counsel notified any of the affected parties or trial courts once the conflicting case concluded subsequent to the scheduled time set. Instead of attempting to proceed with appellant's trial, which was next in priority mandated by USCR 17.1, defense counsel agreed to try another case not listed in the notice of conflicts letter. Notwithstanding the fact the trial court had continued the case at that point, appellant's action effectively removed the State's final opportunity to comply with the speedy trial demand.

Georgia courts have sought to guard against manipulation of the trial calendar by defendants seeking automatic acquittal (*Sykes*, supra (defendant waived speedy trial demand by not appearing, without justification, when his case was called to trial); *Jackson v. State*, 222 Ga. App. 700 (475 SE2d 717) (1996) (defendant waived speedy trial demand where defense counsel sought a six-week continuance that precluded State from trying defendant's case until the last empaneled jury of the term)) as well as dilution of the right to a speedy trial by conditioning it on the "convenience" or "ingenuity" of the State in scheduling the case. *Birts v. State*, 192 Ga. App. 476 (385 SE2d 120) (1989) (defendant did not waive speedy trial demand for failing to appear when case was called for trial where defense counsel had been granted a formal leave of absence and the State delayed scheduling the matter until the last day of the term). Were we to disregard defense counsel's failure to adhere to the priority of cases mandated under USCR 17.1, we would leave open the possibility for manipulation of the trial calendar by defense counsel. Had defense counsel followed USCR 17.1, the State would have had an opportunity to try appellant's case before the end of the term. Under these circumstances, we conclude that defense counsel's actions in failing to notify the affected trial courts once the higher priority matter had concluded waived appellant's speedy trial demand.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 30, 2001.

*Morriss, Lober & Dobson, Bruce F. Morriss, Daniel Shim*, for appellant.

*Carmen D. Smith, Solicitor-General, Phillip Jackson, Cynthia G. Strong, Assistant Solicitors-General*, for appellee.