## A01A0576. JONES v. THE STATE.
(553 SE2d 24)

Miller, Judge.

The question on appeal is whether the defendant's numerous continuances and leaves of absence, which left only a seven-day window for trying the case during the second term, and his consenting to a notice resetting the case over to the next term, waived his speedy trial demand. We hold such actions did waive the demand and therefore affirm the trial court's decision not to discharge the defendant on these grounds.

On February 28, 2000, within the January through March 2000 term of the DeKalb County State Court, the solicitor-general filed a formal accusation charging Brad Jones with driving under the influence of alcohol and disregarding a red light. Although Jones filed a request for a speedy trial pursuant to OCGA § 17-7-170, the case was not tried during either that term or the subsequent April through June term of court. Jones appeals the denial of his motion for discharge and acquittal on that ground.

The facts show that the case was scheduled for arraignment on March 6, 2000. On March 2, Jones, through his attorney, waived arraignment and signed notice for the April 7, 2000 trial calendar call. On March 9, the same counsel filed an entry of appearance, several motions (including a motion to suppress), discovery requests, and a demand for a "trial by jury pursuant to . . . OCGA § 17-7-170." On that same day, counsel also filed a notice of leave of absence covering the periods of March 20-31, April 3-7, May 29-June 2, and June 19-30.

On March 16, the court scheduled Jones's case for a motions hearing on April 4. Jones's counsel filed a conflict letter covering the April 4 hearing, in which he requested that the matter be rescheduled if he could not appear. On April 4, Jones appeared personally and signed a notice to reschedule his motions hearing to May 2. On April 26, Jones's counsel filed another conflict letter covering the May 2 motions hearing, in which he again requested that the matter be rescheduled if he could not appear. Meanwhile, on May 1, counsel

filed an amended motion to suppress that challenged the constitutionality of the implied consent warning.[1] On May 2, Jones again appeared personally and signed another notice that the motions hearing would be rescheduled, this time to July 5, with the trial scheduled for July 7. These dates fell outside of the April through June 2000 term of the DeKalb State Court. There is no dispute that jurors were impaneled during both the January and April terms of court.

At the July 5 motions hearing, counsel appeared and withdrew all motions. On July 7, at the trial calendar call, counsel announced the filing of the motion for discharge and acquittal for failure to provide a speedy trial. After a hearing, the court denied the motion. The court held that "[t]he continuances by virtue of the conflict letters coupled with the notice of leaves filed when Defendant's Counsel first entered the case made Defendant's Counsel unavailable for hearings and trial during a substantial portion of both terms. . . . The entire course of conduct of delay was caused by defendant's Counsel." Jones appeals this order.

"If a defendant who filed a demand for trial under OCGA § 17-7-170 (a) is not tried during the term in which the demand was filed or the next succeeding regular term of court and jurors were impaneled and qualified to try the defendant in both terms, the defendant must be absolutely discharged and acquitted. OCGA § 17-7-170 (b)."[2] "A defendant may waive his right to automatic discharge under OCGA § 17-7-170 by any affirmative action on his part or on the part of his counsel which results in a continuance of the case to a time outside the period of the demand."[3] The State bears the burden of showing waiver.[4]

The following chart shows the trial court's criminal schedule for March, April, May, and June 2000:

March — Arraignment 3/6; Motions 3/7; Calendar Call 3/10; Trials 3/20-31.

April — Arraignment 4/3; Motions 4/4; Calendar Call 4/7; Trials 4/17-28.

May — Arraignment 5/1; Motions 5/2; Calendar Call 5/5; Trials 5/22-6/2.

June — Arraignment 6/5; Motions 6/6; Calendar Call 6/9; Trials 6/19-30.

---

[1] See *Klink v. State*, 272 Ga. 605 (533 SE2d 92) (2000).

[2] *Sykes v. State*, 236 Ga. App. 518, 519-520 (2) (511 SE2d 566) (1999).

[3] *Fletcher v. State*, 213 Ga. App. 401, 402 (1) (445 SE2d 279) (1994).

[4] *Birts v. State*, 192 Ga. App. 476, 477 (385 SE2d 120) (1989).

The State argues that by their actions, Jones and his counsel waived Jones's right to automatic discharge. The issue of when requested continuances and leaves of absence by the defense waive the speedy trial demand and the automatic discharge is of utmost importance in an ordered constitutional system of providing timely justice to defendants while preserving the trial court's control over its docket. We must guard against manipulations that would allow defense counsel the power to force the trial court to try the case during a short window between defense leaves of absence and continuances.[5] On the other hand, we do not hold that *any* leave of absence request waives the speedy trial demand, for such is too harsh and would ignore the problem of forcing defense counsel to forgo even a single short leave of absence request or else face the forfeiture of the client's right to a speedy trial.

Two independent reasons mandate the holding that Jones's actions waived the speedy trial demand. First, *Jackson v. State*[6] held that a six-week continuance granted to defense counsel so he could try a separate federal case waived the speedy trial demand where the continuance effectively foreclosed the State's opportunity to try the defendant until the last impaneled jury. "If such continuances did not constitute a waiver of a speedy trial demand, defendants would be in the position to manipulate the trial courts' calendars."[7] Here, the defense continuances and leaves of absence resulted in only a short window being available to try the case during the second term. Specifically, one leave of absence covered the entire period during which jury trials were scheduled in June 2000, and another covered all but seven days during which jury trials were scheduled in May 2000. On May 2, 2000, as the end of the second term approached and while these two defense leaves of absence were yet to take place, Jones appeared before the trial court at a scheduled motions hearing. Because his attorney was not present (having earlier informed the court of a conflict), and in light of the impending leaves of absence, the court reset the motions hearing to July 5, 2000, and the trial to the July 7, 2000 trial calendar. In our view, defense actions waived the speedy trial demand and the right to automatic discharge.

Second, Jones consented to the resetting of his trial outside the second term. Beyond obtaining the continuances and leaves of absence during the first and second terms of court, Jones on May 2

---

[5] See *Jackson v. State*, 222 Ga. App. 700, 701 (475 SE2d 717) (1996) (defense continuances which foreclose State's opportunity to try defendant until last impaneled jury waived speedy trial demand). Cf. *Fisher v. State*, 273 Ga. 721, 723 (545 SE2d 895) (2001) (citing *Jackson* for the proposition that Georgia courts have sought to guard against manipulation of the trial calendar by defendants seeking automatic acquittal).

[6] Supra, 222 Ga. App. at 701.

[7] Id.

consented to the court's resetting the case to a time outside the period allowed by the demand. *State v. Davis*[8] held that "counsel's request for a continuance and consent to reset the trial to a time outside the period allowed by the demand for speedy trial waived defendant's right to automatic discharge and acquittal under OCGA § 17-7-170 (b)." Jones's consent waived his right to automatic discharge. Accordingly, we affirm.

*Judgment affirmed. Andrews, P. J., Johnson, P. J., and Mikell, J., concur. Blackburn, C. J., and Eldridge, J., concur and concur specially. Pope, P. J., dissents.*

BLACKBURN, Chief Judge, concurring specially.

Although I concur fully in Judge Miller's opinion, I write separately to further discuss the balance of rights and duties between State and defendant intended by our speedy trial jurisprudence. In this case, we cannot allow this precarious balance to be upset by defense counsel's interplay of motions, leaves of absence, and conflict letters which were used to both manipulate and abuse the system.

OCGA § 17-7-170 (b) provides:

If the person [who has properly filed a demand for speedy trial] is not tried when the demand is made or at the next succeeding regular court term thereafter, provided at both court terms there were juries impaneled and qualified to try him, he shall be absolutely discharged and acquitted of the offense charged in the indictment or accusation.

In this case, Jones filed his demand for a speedy trial on March 9, 2000, thereby requiring that he be tried either in the January-March term or the April-June term of the DeKalb County State Court.

This right to an automatic discharge is not absolute. It may be waived by either the defendant or his attorney.

The defendant may waive his right to such automatic discharge by some action on his part or on the part of his counsel. Any affirmative action of the defendant which results in a continuance of the case, or a failure to try it within the time fixed by the statute after the filing of a demand, has the effect of tolling the time. A waiver of the demand would result from a continuance granted on the motion of the accused, or from any other act on his part showing affirma-

---

[8] 243 Ga. App. 867, 868 (534 SE2d 159) (2000).

tively that he consented to passing the case until a subsequent term.

(Punctuation and emphasis omitted.) *Ballew v. State.*[9]

Here, the rescheduling of Jones' case was precipitated by the interplay of his attorney's leaves of absence and conflicts. The timeline of pertinent events, as revealed by the record, follows:

### First Term (January-March)

| | |
|---|---|
| February 28, 2000: | Accusation filed against Jones for DUI and running a red light |
| March 2, 2000: | Jones waives arraignment set for March 6, 2000, and his counsel signs notice for case being set on April 7, 2000 trial calendar |
| March 9, 2000: | Jones' counsel files the following pertinent documents: (1) Defendant's Waiver of Formal Arraignment, Entry of Not Guilty Plea, and Demand for Jury Trial (including a speedy trial request); (2) two motions to suppress evidence; and (3) Notice of Leave of Absence (covering March 20-31, April 3-7, May 29-June 2, and June 19-30) |
| March 10, 2000: | Calendar call for March trials in DeKalb |
| March 16, 2000: | Trial court issues rule nisi setting a motions hearing for Jones on April 4, 2000 |
| March 20-31, 2000: | Dates for March trials in DeKalb |
| March 20-31, 2000: | Jones' counsel on leave of absence |
| March 30, 2000: | Jones' counsel files a conflict letter covering the April 4 motions hearing requesting that the hearing be rescheduled if he cannot appear |

### Second Term (April-June)

| | |
|---|---|
| April 3-7, 2000: | Jones' counsel on leave of absence |

---

[9] *Ballew v. State*, 211 Ga. App. 672, 673 (440 SE2d 76) (1994).

| | |
|---|---|
| April 4, 2000: | Date for April motions hearings in DeKalb |
| April 4, 2000: | Jones appears before trial court and signs a notice to reschedule his motions hearing to May 2, 2000, the next date for hearings on the trial court's calendar |
| April 7, 2000: | Calendar call for April cases in DeKalb |
| April 17-28, 2000: | Dates for April trials in DeKalb |
| April 26, 2000: | Jones' counsel files a conflict letter covering the May 2 hearing requesting that the hearing be rescheduled if he cannot appear |
| May 1, 2000: | Jones files an amended motion to suppress evidence, challenging the constitutionality of implied consent warnings based on a case pending before the Supreme Court of Georgia |
| May 2, 2000: | Date for May motions hearings in DeKalb |
| May 2, 2000: | Jones appears before the trial court and signs a notice to reschedule his motions hearing to July 5, 2000, and his trial to July 7, 2000 trial calendar |
| May 5, 2000: | Calendar call for May trials in DeKalb |
| May 22-June 2, 2000: | Dates for May trials in DeKalb |
| May 29-June 2, 2000: | Jones' counsel on leave of absence |
| June 2, 2000: | Date for June motions hearings in DeKalb |
| June 9, 2000: | Calendar call for June trials in DeKalb |
| June 19-30, 2000: | Dates for June trials in DeKalb |
| June 19-30, 2000: | Jones' counsel on leave of absence |
| July 5, 2000: | Jones' counsel appears in court and withdraws all pending motions |

July 7, 2000: Jones files motion for acquittal and discharge pursuant to OCGA § 17-7-170

August 20, 2000: Trial court denies Jones' motion for acquittal and discharge

The actions taken by Jones' counsel must be considered to waive Jones' right to a speedy trial, because such actions undermine the purpose of OCGA § 17-7-170. As an initial matter, through leaves and conflicts, Jones' counsel was not available on the date for hearing motions in April or May. In addition, counsel was not available at all for trial in March, he was available in April, he was available for one week in May, and he was completely unavailable in June. In light of Jones' desire to have his suppression motions heard prior to trial and the amended filing made in May, Jones' counsel presented the trial court with a virtually impossible task of scheduling his trial.

On March 2, 2000, Jones' counsel signed a notice placing Jones' case on the April 7, 2000 trial calendar despite the fact that he had already filed for a leave of absence which included both that date and the date for hearing Jones' motion to suppress. In addition, Jones' counsel filed a conflict letter prior to the motions hearing asking that it be rescheduled, and, in accordance with this request, the trial court rescheduled Jones' motion for the next available hearing date, May 2, 2000, with which, once again, Jones' counsel had a conflict.

And when Jones' counsel filed this letter of conflict on April 26, 2000, he knew the following: (1) he had a conflict with the May 2, 2000 hearing date; (2) only one date for hearings on motions remained in the two-term period, namely June 6, 2000; (3) that, following this last date for motions hearings, the only dates for trial were June 19-30, 2000; and (4) that he had a leave of absence for the entire two weeks of trial dates. In other words, at the time that he filed his last conflict letter, Jones' counsel knew that, based on the official court calendar and the dates of his approved leave, Jones' motions and trial could not be heard within the two terms of court applicable to Jones' speedy trial demand. As a matter of ethics, Jones' counsel should have notified the trial court of this situation that he had precipitated. Instead, by conflicting out, Jones' counsel played the system, and, at the motions hearing on July 5, 2000, he announced checkmate.

Check, however, should be all that Jones' counsel achieved, because OCGA § 17-7-170 was intended to insure the prompt trial of criminal defendants, not create a system by which lawyers can manipulate the system for the purpose of avoiding trial.

Georgia courts have sought to guard against manipulation of the trial calendar by defendants seeking automatic acquittal (*Sykes* [*v. State*][10] (defendant waived speedy trial demand by not appearing, without justification, when his case was called to trial); *Jackson v. State*[11] (defendant waived speedy trial demand where defense counsel sought a six-week continuance that precluded State from trying defendant's case until the last empaneled jury of the term)) as well as dilution of the right to a speedy trial by conditioning it on the convenience or ingenuity of the State in scheduling the case.

(Punctuation omitted.) *Fisher v. State*.[12]

And, contrary to Jones' counsel's arguments, *Fisher*, supra, does not require a different outcome in this case. In *Fisher*, our Supreme Court stated: "[S]ince the filing of a notice of conflicts is mandatory under the rules, it cannot be evidence that defendant consented to have his case tried at a later term." Id. at 722. In this case, however, the scheduling difficulty was caused, not just by a conflict letter, but also by a clever interplay of motions and leaves of absence in addition. Therefore, Jones' counsel's argument that the filing of his last conflict letter cannot be considered a waiver lacks merit in this case. And, Jones' counsel's argument that he precluded a finding of waiver by calling the trial court to report after his conflict equally lacks merit. At the time of Jones' counsel's inquiry, his client's hearing had already been postponed. As such, in this case, Jones' counsel's phone call is ultimately irrelevant to the outcome herein.

In this case, Jones' counsel's constant unavailability precipitated the delays which occurred in having his client's case heard. Jones' counsel, in a remarkable display of chutzpah, places all of the blame on the trial court, going so far as to argue that his leave of absence should have been revoked to ensure that his client received his trial. It is doubtful that a trial court would ordinarily have the authority to revoke a leave of absence once granted. Lawyers may well find trial courts reluctant to grant leaves of absence in the future where speedy trial demands have been filed by such lawyers.

I am authorized to state that Judge Eldridge joins in this special concurrence.

POPE, Presiding Judge, dissenting.

I respectfully dissent. Although the defense attorney's actions

---

[10] *Sykes v. State*, 236 Ga. App. 518 (2) (511 SE2d 566) (1999).

[11] *Jackson v. State*, 222 Ga. App. 700 (475 SE2d 717) (1996).

[12] *Fisher v. State*, 273 Ga. 721, 723 (545 SE2d 895) (2001).

suggest an attempt to manipulate the system to obtain an acquittal, in this case the record shows that it was the court that chose to schedule the case for trial outside of the speedy trial period, and that it did so for a reason that does not constitute waiver by Jones.

"A defendant may waive his right to automatic discharge under OCGA § 17-7-170 by any affirmative action on his part or on the part of his counsel which results in a continuance of the case to a time outside the period of the demand." *Fletcher v. State*, 213 Ga. App. 401, 402 (1) (445 SE2d 279) (1994). But, the defendant's actions must show that he "affirmatively sought to avoid trial." *Birts v. State*, 192 Ga. App. 476, 477 (385 SE2d 120) (1989). The burden of showing such waiver is on the State. Id.

On April 26, Jones' counsel filed a conflict letter covering the scheduled May 2 motions hearing, in which he requested that the matter be rescheduled if he could not appear. Then, on May 1, counsel filed an amended motion to suppress that challenged the constitutionality of the implied consent warning, which the court referred to as a *"Klink* motion." See *Klink v. State*, 272 Ga. 605 (533 SE2d 92) (2000). On May 2, Jones' counsel did not appear because of the conflict. But Jones did appear, personally, and he signed a notice from the court showing that the motions hearing would be rescheduled to July 5, with the trial scheduled for July 7. These dates fell outside of the April through June 2000 term of the DeKalb State Court. In its order denying the motion to acquit, the court acknowledged that it continued the case until July in the hopes that the Supreme Court would have decided the issue raised in the *Klink* motion by that time.

Requests for continuance that do not postpone the trial to outside of the two available terms do not generally constitute waiver of the speedy trial demand. *Weidlund v. State*, 191 Ga. App. 668, 670-671 (382 SE2d 709) (1989); *State v. McNeil*, 176 Ga. App. 323, 325 (335 SE2d 728) (1985). Here, Jones did not request a continuance outside of the speedy trial demand period — the request specified no certain time. Nor was the court forced, in response to the request, to choose a time outside of that period. The court could have scheduled the matter for trial in May and heard Jones' motion before trial. (Jones' counsel's pending leave of absence did not cover all of the court's May trial calendar.) The fact that neither Jones nor his counsel objected to the court continuing the trial until outside of the term, even if the court acted out of a concern for Jones, standing alone, is not an affirmative action of waiver. *Ballew v. State*, 211 Ga. App. 672, 673-674 (440 SE2d 76) (1994). And, we cannot conclude that the May 2, 2000 notice of hearing signed by the defendant constituted a

request for continuance.[13]

Finally, the court's own decision to continue the case from May 2 until July 5, in an attempt to wait until the Supreme Court decided the law relevant to the *Klink* motion, does not constitute a waiver by Jones of his speedy trial demand. *State v. McNeil*, 176 Ga. App. at 326 (removal of case from trial calendar in order to await appellate resolution of an evidentiary issue in a different case should not act as a waiver of speedy trial demand).

*State v. Davis*, 243 Ga. App. 867 (534 SE2d 159) (2000), is easily distinguished. In that case, the defense attorney requested a special setting outside of the speedy trial term — a clear waiver — and that is the context in which the term "consent to reset the trial" was used in the quotation from that case found in the majority opinion. There is a great difference between a lawyer requesting a special setting outside of the term, and a defendant signing a notice from the court that the court is rescheduling the case to outside of the term.

In short, the court had an option to schedule the case for trial in May rather than postpone it until July. (And, it earlier had the option of scheduling the trial during the April trial calendar with the motions hearing immediately preceding.) The State has the burden of showing waiver by the defendant, and it did not show that Jones waived the available trial dates in May. While manipulation of the judicial system is a great concern, the law nevertheless requires acquittal here.

DECIDED JULY 16, 2001 —
RECONSIDERATION DENIED JULY 31, 2001 —

*Monte K. Davis*, for appellant.
*Gwendolyn R. Keyes, Solicitor-General, Theresa S. Starkes, Assistant Solicitor-General*, for appellee.

---

[13] The document on its face does not purport to be a request but simply a notice of court action. The fact that the defendant signed it does not change that fact. Our reading of the document indicates that the purpose of the signature is simply to show that Jones received notice of the court's rescheduling of the hearing.