A05A1437. COBB v. THE STATE.
(621 SE2d 548)

BERNES, Judge.

Following a bench trial in the Muscogee County Superior Court, appellant Michael Cobb was convicted of burglary. He appeals from the denial of his motion for new trial challenging the sufficiency of the evidence to support his conviction and asserting error in the trial court's denial of his motion for discharge and acquittal based on his demand for speedy trial. Finding no error, we affirm.

1. Cobb contends the evidence was insufficient to support his conviction arguing that the State failed to establish his intent to commit theft, an essential element of the crime of burglary.[1] We disagree.

"In evaluating the sufficiency of the evidence supporting a conviction, this court must view the evidence in the light most favorable to the verdict. The presumption of innocence no longer applies, and we do not weigh evidence or determine witness credibility." (Citation

---

[1] "A person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another." OCGA § 16-7-1 (a).

omitted.) *Wilson v. State*, 261 Ga. App. 576 (583 SE2d 243) (2003). See also *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the evidence shows that in early May 2002, the victim's apartment was damaged as a result of a fire. On May 16, 2002, the victim, who had moved out of her apartment, returned to gather some of her belongings. When she returned on that date, she noticed the back door of the apartment, which she had previously left secured, was open. She nevertheless entered the apartment, heard some noise and then saw Cobb come out of her bedroom holding a pair of shoes. The victim asked Cobb what he was doing. Cobb responded by dropping the shoes and fleeing to the neighboring apartment where he resided.

The victim called the police. When the officer arrived, the victim led him to Cobb's apartment. Cobb's roommate allowed them into the apartment and the victim immediately saw a mattress and box spring which had been taken from her apartment. The roommate gave permission for the officer and the victim to search the apartment at which time they found numerous items belonging to the victim, including telephones, silverware, a pressure cooker, iron, end table, several skillets, an electric mixer, drinking glasses, and a crock pot. Cobb, who was also present in the apartment, was arrested.

Thereafter, Cobb gave a statement to the police, testified at the probable cause hearing, and testified at trial. On each of these occasions, he admitted that he had entered the victim's apartment and taken items belonging to the victim. However, he claimed that he overheard the victim tell another neighbor that anyone could enter her apartment and take what they wanted. The victim denied at trial that she had made any such statement and affirmed that she had not granted anyone, particularly Cobb, permission to enter her apartment and take her belongings.

"The presence or lack of criminal intent is for the [factfinder] to decide based on the facts and circumstances proven at trial." (Citation omitted.) *Wilson*, 261 Ga. App. at 577 (1). "Factors from which [the factfinder] may infer criminal intent include the presence of valuables on the premises, the defendant's holding such valuables, and the defendant's fleeing upon being discovered. Additionally, evidence of an unauthorized entry makes the finding of a further criminal intent all the more reasonable." (Footnotes omitted.) Id. The trial court's finding of intent in this case was supported by all these factors.

As the trier of fact, it was well within the trial court's "prerogative . . . to accept the defendant's statement as a whole, or to reject it as a whole, to believe it in part, or disbelieve it in part. . . ." (Citation and punctuation omitted.) *Mills v. State*, 273 Ga. App. 699, 700 (1)

(615 SE2d 824) (2005). Construing the evidence in the light most favorable to the verdict, any rational trier of fact could have found Cobb guilty of burglary beyond a reasonable doubt. See *Wilson*, 261 Ga. App. at 577-578 (1); *Howard v. State*, 180 Ga. App. 817, 818 (2) (350 SE2d 825) (1986).

2. Cobb further contends that he was entitled to an automatic discharge as a result of the trial court's failure to comply with his statutory demand for a speedy trial. We disagree and conclude that Cobb waived his right to an automatic discharge by consenting to a continuance beyond the period of the demand.

OCGA § 17-7-170 provides in pertinent part:

> Any person against whom a true bill of indictment or an accusation is filed with the clerk for an offense not affecting the person's life may enter a demand for trial at the court term at which the indictment or accusation is filed or at the next succeeding regular court term thereafter. . . .
>
> If the person is not tried when the demand is made or at the next succeeding regular court term thereafter, provided at both court terms there were juries impaneled and qualified to try the person, the person shall be absolutely discharged and acquitted of the offense charged in the indictment or accusation.

OCGA § 17-7-170 (a), (b). However, "[a] defendant may waive his right to automatic discharge under OCGA § 17-7-170 by any affirmative action on his part or on the part of his counsel which results in a continuance of the case to a time outside the period of the demand." (Punctuation and footnote omitted.) *Jones v. State*, 250 Ga. App. 829, 830 (553 SE2d 24) (2001). The State bears the burden of showing that the defendant waived his demand. Id.

The record reflects that Cobb was indicted on August 13, 2002 in the August term of the Muscogee County Superior Court and that he filed and served his statutory demand for a speedy trial on October 1, 2002, a date within that same term of court. See OCGA § 15-6-3 (8) (D). In order to satisfy Cobb's demand, the case had to be tried before December 2, 2002.[2] At the call of the case on November 25, 2002, the

---

[2] The regular terms of court for the Muscogee County Superior Court begin on the first Monday in February, April, June, August, October, and December. See OCGA § 15-6-3 (8) (D). The indictment and speedy trial demand were entered during the August 2002 term of court. (Although the demand was filed on October 1, 2002, the court's October term did not begin until October 7, 2002.) It is undisputed that Cobb's demand met the formal requirements of OCGA § 17-7-170 (a). Moreover, an affidavit from the court's jury administrator reflected that there

State announced an agreement to "pass[ ]" the case to December 2, 2002. Cobb's trial counsel responded affirmatively to the announcement of the agreement, stating on the record, "Okay."

Cobb's counsel later disputed having consented to the continuance of the case as he argued in favor of the motion for discharge. However, the trial court found as a matter of fact that Cobb's counsel had expressed his consent to the continuance, based on the trial court's independent recollection of discussions between the court and counsel as well as its review of the calendar call transcript. The trial court's finding is supported by the record. As such, Cobb's consent to the continuance outside the second term of court waived his right to automatic discharge. See *Jones*, 250 Ga. App. at 831-832; *State v. Davis*, 243 Ga. App. 867, 868 (534 SE2d 159) (2000); *State v. Stewart*, 191 Ga. App. 35, 36 (381 SE2d 50) (1989). Compare *Ballew v. State*, 211 Ga. App. 672, 673-674 (440 SE2d 76) (1994) (mere silence in response to trial court's continuance announcement is not an affirmative act waiving speedy trial demand).

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED SEPTEMBER 22, 2005.

*John R. Mobley II*, for appellant.
*J. Gray Conger, District Attorney, Jarrell H. Palmer Schley, Assistant District Attorney*, for appellee.

---

were juries impaneled and qualified to try Cobb during the period of the speedy trial demand. Therefore, compliance with the speedy trial demand would have required that the trial commence either within the August or October court terms. Stated otherwise, the trial had to begin before the first Monday of December 2002. See OCGA §§ 15-6-3 (8) (D); 17-7-170 (b).