## A09A0694. TRIMM v. THE STATE.

(678 SE2d 567)

MIKELL, Judge.

Eline D. Trimm appeals from the trial court's order denying her plea in bar and motion for judgment of acquittal, alleging violation of her right to a speedy trial under OCGA § 17-7-170.[1] Trimm argues that she was forced to move for a continuance after the state re-indicted her on the eve of trial, which changed her trial strategy. The trial court ruled that Trimm waived her speedy trial rights by filing a motion for a continuance. We agree and affirm.

The record shows the state secured three indictments against Trimm in the Superior Court of Newton County. She was first indicted on September 7, 2007, on one count of aggravated assault with a deadly weapon, OCGA § 16-5-21 (a) (2), for allegedly "discharging the firearm and striking" her stepson, Duke Trimm. On October 5, 2007, the state filed a superseding indictment, charging Trimm with possession of a firearm during the commission of a felony in addition to aggravated assault. Trimm entered a plea of not guilty, and on October 26, 2007, filed a demand for speedy trial pursuant to OCGA § 17-7-170. Under that Code section, the defendant must be tried during the term of court when the demand is filed or at the next succeeding term thereafter, or else she will be

---

[1] See *Callaway v. State*, 275 Ga. 332, 333 (567 SE2d 13) (2002) ("a defendant may directly appeal from the pre-trial denial of either a constitutional or statutory speedy trial claim") (citations omitted).

discharged and acquitted of the offenses charged in the indictment, provided that there were juries impaneled and qualified to try her at both court terms.[2] The terms of the Superior Court of Newton County commence on the second and third Mondays in January, April, July, and October.[3] Thus, Trimm was required to be tried in the October 2007 or January 2008 term of court, and the final date set for jury trials to commence in the January term was March 31.

Trimm was not tried during the October 2007 term of court. A status hearing was held on January 31, 2008. Trimm appeared in court with counsel and announced ready for trial. The court stated that the case would be called on February 11, but if it could not be reached at that time, then it would be put on the March 3 trial calendar. The case was not reached.

On March 3, the court sent Trimm a notice to appear for trial on March 31. In the interim, on March 14, the state served notice on Trimm that it intended to present a new indictment to the grand jury on March 28. The new indictment retained the weapon offense but charged two counts of aggravated assault with a deadly weapon, OCGA § 16-5-21 (a) (2): one by "shooting at" the victim, and the second by "pointing and brandishing a firearm." Trimm filed an objection, and the court held a status conference on Thursday, March 27. Trimm objected to being required to proceed to trial on the new indictment the following Monday, arguing that the theory of the case would change and that she was entitled to seven days' notice of trial on that indictment, as required by Uniform Superior Court Rule 32.1. The state responded that the new indictment alleged no new facts, so that Trimm would not be prejudiced by it. The court noted that Trimm had been served with the proposed new indictment two weeks earlier. The court then ruled that the trial would proceed as scheduled in order to satisfy the speedy trial demand.

The superseding indictment was returned the next day. On Monday, March 31, the date set for trial, Trimm filed a motion for a continuance. In the motion, Trimm acknowledged that her request "will be construed as a waiver of her right to a speedy trial." Trimm's counsel again stated in open court that he understood that the request waived the demand for speedy trial. However, he argued that the new indictment, unlike the former indictment, was based on the theory that the victim was placed in reasonable apprehension of injury. The state opposed the motion, contending that reasonable apprehension of harm applied equally to the former indictment. The court granted Trimm's motion for a continuance and ruled that she

---

[2] OCGA § 17-7-170 (b).
[3] OCGA § 15-6-3 (2) (A).

waived her demand for speedy trial by filing the motion.

After the January term of court had ended, Trimm filed a plea in bar and motion for judgment of acquittal. She argued that, as originally indicted, her defense would be that the shooting was an unintentional accident, whereas the new count of "brandishing and pointing" at the victim required her to rely on the victim's testimony to establish that he had no reasonable apprehension of receiving a violent injury. Because the victim's attendance could not be secured, Trimm argued she was compelled to move for a continuance. When questioned by the court concerning the effect of the motion for a continuance, however, defense counsel stated: "I am well aware of the law that says that if a defendant requests a continuance . . . that is construed as a waiver of the speedy trial demand." Moreover, counsel was not able to cite any authority to the court to support his argument that the continuance did not constitute a waiver when the state re-indicts the defendant before trial. The trial court recounted that in the hearing on the motion for a continuance, defense counsel did not object to the court's ruling that the speedy trial demand had been waived. Defense counsel admitted that he had not objected. Accordingly, the trial court denied Trimm's plea in bar and motion for judgment of acquittal.

On appeal, Trimm contends that the trial court erred in concluding that she had waived her right to an automatic discharge under the circumstances of this case. Trimm argues, as she did in the trial court, that the state should not be allowed to defeat her speedy trial rights by filing a superseding indictment on the eve of trial in order to force a continuance.

"A defendant may waive his right to automatic discharge under OCGA § 17-7-170 by any affirmative action on his part or on the part of his counsel which results in a continuance of the case to a time outside the period of the demand."[4] Such affirmative action includes the "defendant['s] . . . own request for a continuance of the case."[5] The state bears the burden of showing that the defendant waived her

---

[4] (Punctuation and footnote omitted.) *Jones v. State*, 250 Ga. App. 829, 830 (553 SE2d 24) (2001) (whole court).

[5] (Citations and punctuation omitted.) *Jackson v. State*, 172 Ga. App. 359, 360 (1) (323 SE2d 198) (1984). Accord *Jackson v. State*, 222 Ga. App. 700, 701 (475 SE2d 717) (1996) (defendant waived speedy trial demand by seeking a six-week continuance that precluded state from trying defendant until the last empaneled jury of the term). Compare *Riley v. State*, 212 Ga. App. 519, 520 (442 SE2d 7) (1994) (where defendant's case was not on trial calendar but was called for trial, defendant's nonappearance did not waive speedy trial demand); *Birts v. State*, 192 Ga. App. 476, 477 (385 SE2d 120) (1989) (defendant did not waive speedy trial demand by failing to appear when case was called for trial where defense counsel had been granted a leave of absence and the state delayed scheduling the trial until the last day of the term); *State v. Allen*, 165 Ga. App. 86, 88 (299 SE2d 158) (1983) (defendant's motion for mistrial did not constitute an affirmative waiver of his statutory demand for a speedy trial).

right to a speedy trial.[6] Here, Trimm repeatedly acknowledged, in motions and in open court, that her motion for a continuance would constitute a waiver of her right to an automatic discharge and acquittal. The state thus met its burden of showing waiver.

It is true that "Georgia courts have sought to guard against . . . dilution of the right to a speedy trial by conditioning it on the 'convenience' or 'ingenuity' of the [s]tate in scheduling the case."[7] But there is no evidence in the record that the state intended to manipulate the trial calendar by re-indicting Trimm. "It is lawful for the grand jury to return any number of indictments for the same offense."[8] In this case, both the October and the March indictment charged Trimm with violating OCGA § 16-5-21 (a) (2). Under this Code section, "[a] person commits the offense of aggravated assault when he or she assaults . . . [w]ith a deadly weapon . . . which, when used offensively against a person, is likely to or actually does result in serious bodily injury." As charged in this case, "aggravated assault has two essential elements: (1) an attempt to commit a violent injury, or an act that places another in reasonable apprehension thereof, and (2) that the assault was aggravated by . . . the use of a deadly weapon."[9] In October, Trimm was indicted for allegedly "discharging the firearm and striking" her stepson, while the superseding indictment charged two counts, "shooting at" the victim and "pointing and brandishing a firearm." Thus, the October indictment, as charged, required proof that Trimm attempted to commit a violent injury. The superseding indictment added, in the second count, "pointing and brandishing a firearm," which required proof of an act that placed the victim in reasonable apprehension of receiving a violent injury. Although the "reasonable apprehension" element was new, Trimm was given two weeks' notice of the state's intent to present the new indictment to the grand jury. Moreover, it was Trimm who requested a continuance on the last date in which it was possible to try her case in accordance with her speedy trial demand. The state opposed the motion and announced ready for trial. There is no evidence that the state re-indicted Trimm in an attempt to delay the trial of her case beyond the limits of OCGA § 17-7-170.[10]

---

[6] *Fisher v. State*, 273 Ga. 721, 722 (545 SE2d 895) (2001).

[7] (Citations omitted.) Id. at 723.

[8] (Citations omitted.) *Jones v. Murray*, 223 Ga. 519 (156 SE2d 360) (1967). Accord *Dalton v. State*, 263 Ga. 138, 140 (429 SE2d 89) (1993), disapproved on other grounds, *Rice v. State*, 264 Ga. 846, 847, n. 1 (452 SE2d 492) (1995).

[9] (Footnote and emphasis omitted.) *Smith v. Hardrick*, 266 Ga. 54, 55 (2) (464 SE2d 198) (1995).

[10] See, e.g., *Dalton*, supra (in death penalty case, demand for a speedy trial under OCGA § 17-7-171 attached to re-indictment on identical charges; however, court did "not create a new procedure under which the state can render a demand for speedy trial

YALE LAW LIBRARY

Under the circumstances presented in this case, the trial court did not err in denying Trimm's plea in bar and motion for judgment of acquittal.

Finally, although it appears that Trimm may have abandoned the argument that she received insufficient notice of trial on the new indictment, we note that in a case in which compliance with USCR 32.1's seven-day notice of trial requirement would cause the state to violate a defendant's right to a speedy trial, a trial court retains the discretion to proceed to trial in accordance with the defendant's speedy trial demand.[11]

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED MAY 14, 2009.

*John L. Strauss*, for appellant.

*W. Kendall Wynne, Jr., District Attorney, Anne M. Kurtz, Assistant District Attorney*, for appellee.

---

meaningless by seeking a new indictment in an attempt to extend the time in which the defendant's demand for speedy trial can be met").

[11] *Kellibrew v. State*, 239 Ga. App. 783, 785 (2) (521 SE2d 921) (1999); compare *Clark v. State*, 259 Ga. App. 573, 576 (578 SE2d 184) (2003) (court's complete failure to comply with USCR 32.1 was an abuse of discretion, so that defendant's failure to appear for trial of which she received no notice did not amount to a waiver of her speedy trial demand).