## 50885. PARKER v. THE STATE.

Evans, Judge.

Defendant was indicted at the March Term, DeKalb Superior Court (April 9, 1974) on two counts of theft by taking. On June 17, 1974, the court set the case down for trial for the following day. On June 18, 1974, defendant appeared and announced he was ready for trial, and made a demand for trial or that the charges against him be dismissed for lack of prosecution, which motion was denied. A continuance was granted to the state.

The above demand was made in open court. A transcript thereof was filed June 20, 1974, as shown on the minutes. Since June 18, 1974, more than two succeeding regular terms of court have been held and during each term juries were empaneled and were qualified to try cases presented.

On April 9, 1975, defendant presented the court with an unsigned order of discharge, showing his demand for trial in open court filed on the minutes, with an affidavit of the clerk that more than two consecutive terms of court with qualified jurors "impounded" had passed. The proposed order further stated that the case was not prosecuted and the failure to prosecute was not due to the voluntary absence of the defendant or to any conduct on the part of his counsel.

The court refused to sign it, and instructed counsel to make a motion for discharge, which counsel never did make. All of the above is shown in the certificate for immediate review. Defendant appeals. *Held:*

1. The terms of the DeKalb Superior Court are the first Monday in March, June, September and December. As shown by the certificate of the clerk of that court, since June 18, 1974, more than two regular terms of court have been held and during each term, juries were empaneled and qualified to try cases presented.

2. Any person against whom a true bill of indictment is found for an offense not affecting his life, may demand at either the term when the indictment is returned, or at the next succeeding term thereafter, a trial. The demand for trial shall be placed on the minutes of the court. If such person shall not be tried at the next succeeding regular

term thereafter, provided at both terms there were jurors empaneled and qualified to try him, he shall be absolutely discharged and acquitted of the offense charged in the indictment. Code § 27-1901; *Couch v. State,* 28 Ga. 64.

3. A defendant who has made a proper demand for a trial is entitled to an automatic discharge without further motion if he is not tried on the second term of court provided a jury is present at each term who is qualified to try him. See *Bishop v. State,* 11 Ga. App. 297, 298 (75 SE 165); *Collins v. Smith,* 7 Ga. App. 653 (2b) (67 SE 847).

4. But, the defendant may waive his right to such automatic discharge by some action on his part or on the part of his counsel, such as his own request for a continuance of the case. See *Adams v. State,* 129 Ga. App. 839, 841 (201 SE2d 649). In this case this court is without the record that would supply the information as to whether or not defendant or his counsel took any action in the lower court which waived his right to automatic acquittal.

It may well be that this was the reason why the trial court instructed the defendant to "make a motion." However, it should also be noted that the burden of showing a waiver is on the state. "The defendant who has made a formal demand . . . may thereafter waive his right to insist upon it, but it is not incumbent upon him to take further active steps to bring the case to trial, and he does not waive it by remaining silent and not calling the attention of the court to the matter thereafter." *Thornton v. State,* 7 Ga. App. 752 (2) (67 SE 1055). See also *Flagg v. State,* 11 Ga. App. 37 (1) (74 SE 562); *Mager v. State,* 21 Ga. App. 139 (3) (94 SE 82). As there stated: "The state is the pursuer; he is the pursued . . . If the state neglects to try him within the time prescribed by law, it operates as a conclusive and final abandonment. . ." Nothing in the record before us or in the briefs of counsel suggests that this defendant did in fact do anything to waive his demand for trial. The burden is not upon him in the first instance to show that he did not.

5. However, it is also obvious from the record that the trial court has made no final decision in this case. It is within his discretion to set the matter down for hearing and to satisfy himself that no waiver has taken place. The

appeal here is not from an erroneous order *overruling* a motion to discharge, or from any other order, because none was made. The appeal must accordingly be dismissed as premature, because there is nothing for this court to rule upon at this time. On receipt of the remittitur, defendant should submit a proper written motion, upon which the court if it desires may hear from both parties and enter a decision in accordance with the law herein stated.

*Appeal dismissed. Deen, P. J., and Stolz, J., concur.*

SUBMITTED JULY 1, 1975 — DECIDED SEPTEMBER 2, 1975.

*E. Graydon Shuford,* for appellant.
*Richard Bell, District Attorney, Alton G. Hartley, Assistant District Attorney,* for appellee.