## 64806. THE STATE v. ALLEN.

POPE, Judge.

On January 19, 1982 defendant Larry Jackson Allen was arrested in DeKalb County and charged with the offense of driving while intoxicated. On January 26 an accusation was drawn, and on February 18 defendant filed a demand for speedy trial pursuant to Code Ann. § 27-1901 (now OCGA § 17-7-170). The case was set for

trial on March 15 but was continued at the request of the state. The trial of this case began on March 29 and a mistrial was declared on March 31. On April 16 defendant moved for discharge and acquittal. On April 19 this motion was granted after a hearing on the matter. The state brings this appeal from the grant of defendant's motion and also enumerates as error several adverse rulings of the trial court relating to the mistrial. The appeal from the order granting defendant's discharge and acquittal is authorized by Code Ann. § 6-1001a(c) (now OCGA § 5-7-1(3)). *State v. Benton,* 246 Ga. 132 (269 SE2d 470) (1980). However, none of the remaining enumerations involve rulings from which the state is authorized to appeal pursuant to Code Ann. § 6-1001a. Accordingly, we will confine our discussion here to defendant's motion for discharge and acquittal.

Code Ann. § 27-1901 provides: "Any person against whom a true bill of indictment is found for an offense not affecting his life may demand at either the term when the indictment is found, or at the next succeeding regular term thereafter, a trial; or, by special permission of the court, he may at any subsequent term thereafter demand a trial. In either case the demand for trial shall be placed upon the minutes of the court. If such person shall not be tried when the demand is made, or at the next succeeding regular term thereafter, provided at both terms there were juries impaneled and qualified to try him, he shall be absolutely discharged and acquitted of the offense charged in the indictment." This right to make a demand for trial applies equally when a defendant is charged by accusation. *Frank v. State,* 145 Ga. App. 678 (1) (244 SE2d 619) (1978); OCGA § 17-7-170 (Code Ann. § 27-1901). Under the facts in the case at bar, defendant was entitled to an absolute discharge and acquittal if he had not been put on trial before the end of the March term of court, provided "that the failure to try be not due to the voluntary act of the [defendant]; as, for instance, voluntary absence from court, or obtaining a postponement to another term, and the like. In all such cases the [defendant] will be held to have waived his demand. It has been said many times that unless the demand be waived by some affirmative act of the [defendant], the only alternative is trial or acquittal by discharge." *Flagg v. State,* 11 Ga. App. 37, 39 (74 SE 562) (1912); *Letbedder v. State,* 129 Ga. App. 196, 197 n. 1 (199 SE2d 270) (1973).

The state contends that defendant in this case affirmatively waived his demand by insisting upon a mistrial. In support of this contention the state cites *Lyde v. State,* 241 Ga. 111 (243 SE2d 64) (1978); *State v. Abdi,* 162 Ga. App. 20 (288 SE2d 772) (1982); *Parr v. State,* 117 Ga. App. 484 (160 SE2d 865) (1968). Each of these cases, however, is distinguishable from the case at bar in that each concerns

the issue of former jeopardy. The issue in this case concerns defendant's statutory right to discharge and acquittal pursuant to Code Ann. § 27-1901.

Does a defendant's motion for mistrial constitute an affirmative waiver of his statutory demand for a speedy trial? We think not. In the order granting defendant's motion for mistrial the trial court made the following finding of fact: "There was a conversation between a member of the jury and a State's witness, during the course of the trial and after hearing and inquiry of the Court, the Court granted Defendant's Motion for Mistrial as such contact may have so tainted the fact finding process so as to deprive the defendant of Due Process of Law." The court also found: "After the Motion for Mistrial was granted, the State made an offer *in judicio* to call a new jury and place the case on trial immediately, but this offer was rejected by the Court since all other jurors on the panel had previously been excused for the term." The record discloses that the mistrial occurred some time before noon on March 31 and that no attempt was made thereafter to try defendant during the March term.

"The fact that a mistrial was declared at the next term after the defendant had made demand for trial is not a reason for refusing his discharge. 'The court could have put the defendant on trial before another jury at the same term of the court.' *Little v. State,* 54 Ga. 24, 25 [(1875)]; *Collins v. Smith,* [7 Ga. App. 653 (67 SE 847) (1910)]." *Mager v. State,* 21 Ga. App. 139 (2) (94 SE 82) (1917). Cf. *Orvis v. State,* 237 Ga. 6, 7 (226 SE2d 570) (1976). "So far as the record discloses, there was no obstacle in the way of trying the defendant again at the [March] term, except the difficulty and expense of obtaining another jury." *Nix v. State,* 5 Ga. App. 835, 836 (63 SE 926) (1909). Therefore, the trial court correctly granted defendant's motion for discharge and acquittal. See also *Gordon v. State,* 106 Ga. 121 (2) (32 SE 32) (1898); *Walker v. State,* 89 Ga. 482 (15 SE 553) (1892); *Frank v. State,* supra; *Parker v. State,* 135 Ga. App. 620 (4) (218 SE2d 324) (1975); *Adams v. State,* 129 Ga. App. 839 (201 SE2d 649) (1973); *Rider v. State,* 103 Ga. App. 184 (2) (118 SE2d 749) (1961).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED JANUARY 11, 1983.

John R. Thompson, Solicitor, William E. Munford, Assistant Solicitor, for appellant.

Stephen T. Maples, for appellee.