## 68709. DUNN v. THE STATE.
(322 SE2d 349)

McMurray, Chief Judge.

Defendant was indicted for the offense of theft by taking the property of another of the value of $546 (a felony). He was tried and convicted of the offense of theft by taking of property of less than $200 in value (a misdemeanor) and was sentenced accordingly. Following the denial of his motion for new trial defendant appeals. *Held*:

1. After two continuances as to the hearing on the motion for new trial defendant's counsel advised the court by letter that he would be unavailable at the hearing due to a conflict with court in another circuit and requested a continuance. However, the trial court proceeded to the hearing and cited that no one appeared on behalf of the defendant and defendant's motion for new trial was denied. Defendant's first enumeration of error contends the trial court erred in failing to grant a continuance of the motion for new trial and in denying same. The defendant in no wise obtained a ruling as to a continuance. As stated in *Horton v. State*, 132 Ga. App. 407, 410 (208 SE2d 186), we do not believe that the mere letter to the court that defendant's counsel would be unable to be present due to a conflict with other courts amounted to a formal application or motion for continuance. Nor do we find such an exhibit as a part of the record here although a copy of such letter is an exhibit to defendant's "Enumeration of Errors." Further, the defendant fails to point out in what way he has been injured in consideration of the motion for new trial. We find no basis for reversal of the verdict here and we nowhere in the record find a formal motion for continuance duly recorded and a ruling thereon by the trial court. The question of continuance being within the sound legal discretion of the court and the defendant having failed to point out any abuse of discretion, we find no merit in this complaint. See *Hulett v. State*, 150 Ga. App. 367, 368 (5) (258 SE2d 48).

2. The next enumeration of error is that the trial court allowed the State "to bring and put appellant's character into issue before the jury" and the trial court refused to "direct jurors to disregard all oral testimony of appellant's character witnesses to rebut such character of appellant brought into issue by the state." This is a two-prong enumeration. In the first instance to which the defendant refers, his own counsel opened the door with reference to whether or not the defendant had been caught with some other contraband he planned to take from the premises. At that point in time we found no objection by defendant's counsel to this response nor was there any request that same be stricken from the record. Further, counsel did not request any corrective instructions from the trial court to have the jury disregard the statement. Thereafter, counsel in examining other state witnesses on cross-examination sought to introduce defendant's good

character. Further testimony to which the defendant refers dealt with the crime involved here as to the stashing of motor vehicle pistons in a certain area in anticipation of their removal in the carrying out of theft. We find no merit in any of these complaints finding that no objection had been raised at the first opportunity during the trial. See *Cooper v. Chamblee*, 114 Ga. 116 (39 SE 917); *Seabolt v. Seabolt*, 220 Ga. 181, 182 (137 SE2d 642).

Defendant also sought to inject character by examining witnesses solely on the personal knowledge of the witness, hence, the court did not err in striking the testimony of the character witnesses inasmuch as the procedure to obtain character evidence was improper. See *Simpkins v. State*, 149 Ga. App. 763 (1) (256 SE2d 63). Further, since there was no objection to certain testimony with reference to prior acts of misconduct of the defendant during cross-examination of witnesses there is no merit in the complaint that the trial court erred in allowing testimony before the jury of alleged prior acts of misconduct committed in previous years for which the defendant was not on trial defendant now contending same was highly prejudicial and inflammatory to the minds of the jurors. As to the injection of character in the cross-examination of the state witnesses the State may then question the witnesses offered as to character to test the knowledge of that character. See *Horne v. State*, 155 Ga. App. 851, 856-857 (12) (273 SE2d 193); *Giles v. State*, 71 Ga. App. 736 (32 SE2d 111). We find no merit in this complaint.

3. The remaining enumeration of error contends that the trial court committed error by failing to give an adequate and proper charge on good character as a defense, there being evidence to support the giving of said charge. Our examination of the court's charge discloses that the court did instruct the jury that whether or not a defendant has any other defense in a criminal charge and regardless of whether or not there is any other evidence in the record upon which a reasonable doubt as to a defendant's guilt could be raised, proof of good character may of itself constitute such a defense on a defendant's behalf. The court also instructed that the jury might override any amount of positive evidence pointing to the guilt of the defendant and acquit the defendant upon a reasonable doubt and proof of good character generated in their mind. Here, there was no written request to charge as to good character, and the instruction as given by the trial court amply covered the evidence submitted. See *David v. State*, 143 Ga. App. 500, 501 (2) (238 SE2d 557). We find no merit in this complaint.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 18, 1984.

*Harold E. Martin,* for appellant.

*Robert E. Keller, District Attorney, Albert B. Collier, Assistant District Attorney,* for appellee.