## 76253. DAY v. THE STATE.
(369 SE2d 796)

Pope, Judge.

Defendant was indicted for aggravated battery and burglary. Defendant appeals from the denial of his plea in bar of prosecution for said offenses, pursuant to OCGA § 17-7-170. We affirm.

1. The facts adduced at the hearing on defendant's motion showed the defendant filed a pro se demand for speedy trial pursuant to OCGA § 17-7-170 which identified the offenses charged against him by warrant number. The clerk's stamp shows the motion was filed by the clerk of the trial court at 11:22 a.m. on April 21, 1987. The true bill of indictment on said offenses was returned by the grand jury on the same day but was not stamped with a time of filing. However, the clerk did execute and file a form acknowledging receipt of all indictments returned by the grand jury on April 21, 1987 which was stamped filed at 3:51 p.m. the same day.

The clerk of the court testified that sixty true bills of indictment were returned on the day in question. She did not have an independent recollection of exactly what time of day these indictments were returned. She did state sixty indictments would typically represent a full day's work for the grand jury and a return of this number of indictments would typically be made in the afternoon. She also testified that upon receiving the envelope containing all the indictments returned by the grand jury in open court she typically returned immediately to the clerk's office to file the form acknowledging receipt of the indictments and to sign and file each individual indictment. Though the evidence was circumstantial, we hold it was legally sufficient to support the court's finding that the defendant's demand for speedy trial was filed prior to the return of the indictment against him. Unless clearly erroneous, the findings of fact of the trial court will not be disturbed. *Sundance, Inc. v. Guy*, 174 Ga. App. 792 (1) (331 SE2d 102) (1985).

2. Effective July 1, 1987, subsequent to the date on which the demand for speedy trial was made in this case, OCGA § 7-17-170 was amended to clarify that the right to file a demand attaches at the time the indictment is filed with the court. Ga. L. 1987, p. 841, § 1. Even before said amendment, the Georgia courts had long held the statutory right to make a demand for speedy trial does not attach until there has been a return of indictment. See generally *Andrews v. State*, 175 Ga. App. 22 (332 SE2d 299) (1985). Although the constitutional protection of the right to a speedy trial attaches at the time of

arrest, a defendant may not invoke the statutory provisions of OCGA § 17-7-170 until an indictment has been returned. *State v. Hicks*, 183 Ga. App. 715 (359 SE2d 712) (1987). Where a statutory demand is filed before the indictment is returned, the demand is a nullity and provides no ground for granting a plea in bar for failure to try the case within the statutory period. Id. Because the penalty imposed by this statute against the state is so great, it must be strictly construed. Thus, the demand for trial is a nullity whether it was filed hours, weeks or months before the indictment was returned. The trial court did not err in denying defendant's motion in bar.

3. An amendment to OCGA § 17-7-170 requiring service of the demand upon the prosecutor was not effective until July 1, 1987, subsequent to the date the attempted demand was filed in this case. Ga. L. 1987, p. 841, § 1. At the time defendant's pleading was filed, a demand was not required to be served upon any particular officer of the court. *Pless v. State*, 157 Ga. App. 681 (278 SE2d 475) (1981). The fact the defendant in this case failed to serve the prosecutor with a copy of the demand would not make it defective. However, for the reasons set forth in Division 2 of this opinion, the demand was nevertheless a nullity and the plea in bar was properly denied.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED MAY 16, 1988.

*Walter J. Clarke II*, for appellant.

*Thomas C. Lawler III, District Attorney, Donald L. Johstono, Jr., Assistant District Attorney*, for appellee.