### A89A0339. BIRTS v. THE STATE.
(385 SE2d 120)

BIRDSONG, Judge.

Patricia Birts, charged on March 24, 1988, with DUI and "following too close," appeals the trial court's denial of "absolute discharge and acquittal," for failure of speedy trial. She filed her demand for speedy trial under OCGA § 17-7-170, on May 20, 1988.

The May term of Gwinnett State Court began, and jurors were empaneled, the week of May 9, and continued weekly through the week of June 20. The May term calendar was published May 13, prior to Birts' demand for trial. Also on that date, May 13, Birts' attorney was granted a formal leave of absence from the court for the entire week of June 13 and the first two days of the week of July 18. The July term of court, next succeeding, extended weekly from July 5 until the week of July 25.

Despite Birts' attorney's court-granted formal leave of absence for the week of June 13, the State placed Birts' trial on calendar for June 16, and when she did not appear, the State made a "Motion to Strike Trial Demand." The trial court granted this motion.

However, the State did place Birts' case on the trial calendar in the next succeeding term, for the week of July 18. Birts' counsel had obtained a formal leave of absence for the first two days of that week. The State asserts, however, that the case "was not reached because of appellant's counsel's representation of other defendants" [during the remainder of the week].

Birts' case was not placed on any other calendar, and in September she filed her motion for absolute discharge and acquittal under OCGA § 17-7-170. *Held:*

The State attempts to justify the trial court's denial of Birts' motion for discharge, but we need elaborate very little in reversing. It is clear, or ought to be, that while Birts' counsel was absent for seven days by official leave of the court during the two terms after the demand for trial, there were other weeks during May, and in June and

July, when she could have been placed for trial. She was not. That is to say, despite Birts' counsel's proper absence by leave of court for the week of June 13 and the first two days of the July 18 week, the State scheduled her case only twice in the two terms: during those same two weeks.

The State excuses this placement of Birts' case for trial only on the two weeks of counsel's formal leave of absence, by suggesting her demand was not "proper" (OCGA 17-7-170) because it was made *after* her attorney had on May 3 requested a formal leave of absence for seven days in June and July. This justification is without merit. It proposes that an attorney can never ask for leave of absence if he has or acquires a case in which he might make a demand for speedy trial.

If there were a rule that an attorney may not ask for court leave while he has a criminal case pending in which he may later make a speedy trial demand, breach of such a hypothetical rule was not a waiver of the demand for trial in this case. It is the burden of the State to show that Birts' failure to be tried was *due to such absence* or other affirmative act of defendant. *State v. Allen*, 165 Ga. App. 86, 87 (299 SE2d 158); *Parker v. State*, 135 Ga. App. 620, 621 (218 SE2d 324). The State's failure to try Birts at some point within the two terms, May and July, as OCGA § 17-7-170 absolutely requires be done, was clearly not *due to* her counsel's official leave of absence on only seven days of the 2-½ months during which she could have been scheduled for trial. Her counsel's leave of absence was not sudden or derelict; it was sought by motion on May 3, which was granted May 13, long before the State chose to place her on the calendar for those very times (June 13 and the week of July 18).

The trial court found that even if counsel was properly absent by leave the first two days of the week of July 18, "[c]ounsel's representation of [other] defendants in three other cases [in the last three days of] the week of July 18 . . . depleted the balance of the trial week. . . ." This finding does not explain or justify the State's failure to set her for trial during some other week over the two terms, when it had notice or knowledge well in advance that counsel would be absent by leave of court for two days of the week of July 18. That the State then scheduled the case on the remaining three days with three others known to be represented by appellant's counsel, is not this defendant's fault.

The State waited until the last available moment to schedule a trial demanded 2-½ months before, and piled it and several other cases upon the attorney in three days. Clearly the defense counsel's inability to reach this case under these circumstances was not an "affirmative waiver" of this defendant's speedy trial demand. It does not reflect that the defendant affirmatively sought to avoid trial. The procedural evidence is very clear that the State scheduled trial only when

appellant's counsel was absent or otherwise heavily engaged in other trials set by the State. Thus, the denial of her statutory right to absolute discharge and acquittal under § 17-7-170 on grounds it was she who affirmatively sought to avoid any trial (c.f. *Bennett v. State*, 158 Ga. App. 421 (280 SE2d 429)) is clearly erroneous.

The dissent has lengthily analyzed the Gwinnett State Court's entire civil and criminal trial schedule, to show that during the two relevant terms of court there were very few weeks of actual trial opportunity available. The dissent's analysis includes the point that the second term (July term) contained only one week scheduled for criminal trials. Thereupon, the dissent concludes that it was defendant's fault by waiver that, the State and trial court having thus far failed to schedule her case for trial at a time when her attorney was not on proper leave, the trial court then at the last opportunity during the second term attempted to "accommodate defendant's demand" by attempting to "provide a trial by sending only the four cases represented by defendant's counsel to a pro hac vice judge on Wednesday, as soon as counsel's leave expired [but] defendant's case was not reached." (Emphasis supplied.)

We do not see how the failure of this last-minute attempt at "accommodation" should be laid at appellant's feet, in the total circumstances of this case. The statute does not provide that the State and the trial court shall provide a trial for appellant if one can be squeezed in; it does not provide that a trial does not have to be provided if the court does not have enough criminal trial dates scheduled, or enough judges to try all the criminal cases scheduled plus the one demanded; and it does not provide that the State and court can wait until the last possible opportunity and then try to accommodate the demand. It surely does not provide that, if the trial has not been scheduled for a time when it could have been heard, given due notice of defense counsel's proper leave, and the trial court attempts to accommodate the defendant but her case is not "reached," then the defendant's demand has been waived. The statute provides that upon proper demand, defendant *shall* be acquitted and discharged, if she "is not tried when the demand is made or at the next succeeding regular term thereafter, provided at both court terms there were juries impaneled and qualified to try her." This language does not condition itself on there being *enough* juries impaneled and qualified, or how many juries there were, or whether there were "enough" criminal trial weeks scheduled in the two terms. If we analyzed every case on such a basis, the statute would be gutted and the rights provided by it would become empty, depending only upon the State's and the court's convenience and ingenuity.

The demand would have been satisfied if the trial had been set for the *earliest* available date; while we do not say the State must

always act accordingly, it clearly cannot wait until the *last* available date and deprive the defendant of her statutory right to trial or discharge when the court's attempts to accommodate her fail.

*Judgment reversed. Carley, C. J., McMurray, P. J., Banke, P. J., Sognier and Benham, JJ., concur. Pope, J., concurs specially. Deen, P. J., and Beasley, J., dissent.*

POPE, Judge, concurring specially.

I agree that pursuant to the facts of this case the request of the defendant's attorney for leaves of absence during the terms in which defendant requested to be tried did not constitute an affirmative act which would waive defendant's request for a speedy trial. In this case a jury was present at other times during these two terms which could have tried the defendant. As the majority opinion points out, the fact that the term of court expired before defendant's case was reached was not due to any affirmative act of the defendant or her attorney.

However, I would caution that an attorney's request for leave of absence may not be used as a manipulative tool to preclude the trial of the defendant's case within the time provided by OCGA § 17-7-170. If, for example, after the publication of the court's criminal trial calendar the defendant's attorney requested leave of absence during the entire period or periods scheduled for criminal trials, then the court might properly find that the request for speedy trial was waived because the state's failure to try the defendant within the requisite time was due to the voluntary absence of defendant.

DEEN, Presiding Judge, dissenting.

The trial court found in part that "[t]he Order of June 16, 1988 is affirmative evidence, however, of Defendant's voluntary absence from Court and a reflection of the Solicitor's reliance upon such absence as a *waiver* of Defendant's rights pursuant to O.C.G.A. § 17-7-170." (Emphasis supplied.) The court further found "[t]he failure of the instant case to be tried during the May and July terms was the result of: i) Defendant's filing the demand after the May trial calendar had been published; ii) Defendant's voluntary absence by virtue of his attorney's leave of absence for all but three of the ten days remaining in the May and July terms of Court scheduled for Criminal Jury trials; iii) Counsel's representation of defendants in three other cases the week of July 18, 1988, the processing of which depleted the balance of the trial week, making counsel just as unavailable for the trial of this case as if he were trying a case in another jurisdiction and unavailable due to such conflict."

In my opinion, the findings of the trial court were not clearly erroneous, and I would affirm the judgment denying "absolute discharge and acquittal" for failure of speedy trial.

480

BEASLEY, Judge, dissenting.

The accusation against defendant was filed in the March term, on March 24.

At the next term, counsel filed an application for leave of absence in this case, pursuant to USCR 16, for what amounted to 8 jury trial days of that term and 4 jury trial days of the July term. There was no speedy trial demand pending. The State did not object to leave being approved, and the court, which determines the time for trial (*Clark v. State*, 138 Ga. App. 266, 271 (7) (226 SE2d 89) (1976)), granted the leave as it may do in its discretion.

On May 13, pursuant to USCR 32.1, the criminal jury calendar for the remainder of the term was published, setting trials for the week of June 13. Defendant's case, in which no demand had been filed, was not on it. Juries were impaneled for 6 other weeks in that term also, beginning May 9, but not for criminal cases.

A week after the criminal jury calendar was published, defendant filed a statutory trial demand. However, her case was not called. She was unavailable for trial during the scheduled criminal jury trial week for that term because her counsel had already obtained leave of court for that entire week plus 3 additional days. The other jury-impaneled weeks left remaining in the term (3, 1 being a 4-day week, or a total of 19 days) were scheduled for civil cases; counsel's leave was for 3 of those days.

The next term, the July term, had 4 jury-impaneled weeks (including 1 4-day week). Defendant's case was put on the one week scheduled for criminal trials. However, she was unavailable for trial because her counsel had already obtained leave for the first two days of that week and was engaged in other criminal cases for the remainder of the week. The court had attempted to provide a trial that week by sending only the four cases represented by defendant's counsel to a pro hac vice judge on Wednesday, as soon as counsel's court leave expired. Defendant's case was not reached. (Of the 19 jury-impaneled days in the July term, counsel's court leave or representation in other cases made defendant unavailable for trial on 7 of them.)

The court tried to accommodate defendant's demand, and the State was ready. Although OCGA § 17-7-170 (b) does not expressly exclude from computation those periods in the term during which juries are impaneled and qualified for *civil* trial weeks, it does recognize that a court which has both civil and criminal jurisdiction may in managing the calendars schedule a totally civil term. Insofar as misdemeanor cases such as this one are concerned, defendant would have no right to be tried during that term at all. By the same token, the management of cases within a dual term would not mandate by law the removal of cases from civil calendars so as to provide a jury trial for a criminal defendant who wishes a speedy trial but is unavailable

for the regularly scheduled criminal trial week and then some.

The statute provides that defendant may demand a trial at the current term or at the next succeeding term, provided juries are impaneled and qualified. It does not say defendant may demand a trial when ready, during those periods. It does not say defendant may demand a trial when her counsel is available during those periods. It does not say defendant may condition demand to certain dates or to exclude certain dates and particularly the whole criminal jury calendar. To the contrary, the statute implies that if defendant demands prompt trial, he or she must be ready when the case is legitimately called.

That has been recognized over and over again by the appellate courts. "A waiver of the demand would result from a continuance granted on the motion of the accused, or from any other act on his part showing affirmatively that he consented to passing the case until a subsequent term." *Walker v. State*, 89 Ga. 482 (15 SE 553) (1892). "[T]he defendant may waive his right to . . . automatic discharge by some action on his part or on the part of his counsel, such as his own request for a continuance of the case. [Cit.]" *Parker v. State*, 135 Ga. App. 620, 621 (4) (218 SE2d 324) (1975). Defendant is entitled to discharge "provided 'that the failure to try be not due to the voluntary act of the (defendant); as, for instance, voluntary absence from court, or obtaining a postponement to another term, and the like. In all such cases the (defendant) will be held to have waived his demand.' " *State v. Allen*, 165 Ga. App. 86, 87 (299 SE2d 158) (1983).

In this case, the trial court was not in error as a matter of law in finding under the circumstances here that defendant was unavailable. The court and the State were ready, willing, and able, but she was not, albeit for good reason. In any event, the delay should not as a matter of law be laid at the doorstep of the court or the State so as to bring about a total discharge.

DECIDED JULY 12, 1989 —
REHEARING DENIED JULY 26, 1989 — 

*Alan Mullinax*, for appellant.
*Gerald N. Blaney, Solicitor, David M. Fuller, Assistant Solicitor*, for appellee.