A01A1497. THE STATE v. DODGE.
(553 SE2d 831)

ELLINGTON, Judge.

The State appeals from the discharge and acquittal of Danielle Dodge, who had been charged with three counts of driving under the influence of drugs or alcohol to the extent it was less safe to drive, OCGA § 40-6-391 (a), and running a stop sign, OCGA § 40-6-20 (a). For the following reasons, we reverse the trial court's judgment.

The State Court of Fulton County has six terms of court each year which commence on the first Monday of the following months: January, March, May, July, September, and November. OCGA § 15-7-40; *Price v. State*, 245 Ga. App. 128 (535 SE2d 766) (2000). The record in this case shows that the State filed an accusation against Dodge on July 28, 1999. On October 15, 1999, Dodge's counsel, William C. Head, allegedly filed a request for a leave of absence for the following dates in 1999: October 28 and 29; November 5; November

---

22 through 26; December 2 and 3; and December 9 through 31.[1] Six days later, on October 21, 1999, Head filed a demand for speedy trial, pursuant to OCGA § 17-7-170. According to this statute, a defendant may request a speedy trial within the term during which the accusation is filed or at the next succeeding court term. Id. If the defendant is not tried during the term in which the demand is made or the next succeeding regular court term, she is entitled to be discharged and acquitted, "provided at both court terms there were juries impaneled and qualified to try [her]." Id.

Upon receipt of Dodge's demand for speedy trial, the State immediately notified the trial court's case manager and requested that the case be placed on the first available trial calendar. The trial court scheduled Dodge's arraignment for November 22, 1999, and trial was set for December 13, 1999, the next available trial date. Dodge waived arraignment on November 16, 1999, and pled not guilty.

On December 13, 1999, Head failed to appear in court, instead sending an associate of his firm. At that time, the trial court gave Head, via the associate, three options: (1) serve as Dodge's counsel and try the case that week; (2) allow another attorney to proceed with the case; or (3) withdraw the speedy trial demand. Head sent a facsimile to the trial court the same day stating that the options he had been given were not "viable,"[2] and asserted that the State had missed its opportunity to try the case.[3] When Head failed to appear to try the case by 4:00 p.m. on December 13, the trial court continued the case until February 15, 2000.[4]

Dodge moved for discharge and acquittal on March 30, 2000. In granting the motion, the trial court found that Dodge's motion for speedy trial was timely and proper under OCGA § 17-7-170, and that Head's notice of leave of absence was likewise timely and proper under Uniform Superior Court Rule 16. The trial court also found

---

[1] The copy of the notice in the record on appeal does not show that it was filed with the trial court.

[2] Although Head later told the trial court that his knee surgery made him unable to attend trial, Head's facsimile clearly shows that he was scheduled only for pre-operative tests during the week of December 13, 1999. Head also claimed that he could not allow another attorney to try the case, even though he later admitted that there were "plenty of good lawyers in my office to try the case." He contended that Dodge was a "personal friend" and not a "firm client."

[3] Contrary to Dodge's argument that 30 days were available for trial after the speedy trial demand was filed, no trial could be conducted before the arraignment, which had been scheduled for November 22, 1999. See OCGA § 17-7-91; *Smith v. State*, 207 Ga. App. 762, 763 (429 SE2d 149) (1993). The record shows that Dodge waited until November 16 before she waived arraignment. By that time, due to Head's extended leave, only nine days remained available for trial during the November 1999 term.

[4] On February 3, 2000, Head notified the trial court that he could not attend the February 15 trial, as he had submitted a leave of absence for that date. He asked that the trial be taken off the calendar to accommodate his leave.

that the State failed to object to Head's leave of absence in a timely manner, and that it had failed to demonstrate that its inability to try the case within two terms resulted from some affirmative act of Dodge.

1. Initially, we find that the trial court erred in determining that Head's notice of leave of absence was "timely and proper" under USCR 16. The face of the notice clearly shows that Head actually requested a leave of absence totaling at least 33 calendar days. Pursuant to USCR 16.2, requests for leave in excess of 30 days must be submitted to the opposing counsel at least ten days before filing with the trial court, and if the opposing party chooses to waive the ten-day requirement, it must be in writing. The trial court retains discretion about whether to permit the extended leave.[5] Id. The record affirmatively shows that Head failed to give the State the requisite ten days notice before filing the notice with the court. The record contains no written waiver by the State of this ten-day notice. Therefore, the trial court's finding that the notice was "timely and proper" was clearly erroneous. See *Day v. State*, 187 Ga. App. 175 (1) (369 SE2d 796) (1988).

Further, USCR 16.4 states that "[a]ny application for leave not filed in conformance with this rule *will be denied*." (Emphasis supplied.) Because Head's notice of leave of absence was untimely filed with inadequate notice to the State, it was effectively denied. Accordingly, Head's absence from court on the day the case was called for trial was unauthorized.

2. The State contends the trial court erred in granting Dodge's motion. Because we find Dodge waived her right to a speedy trial, we agree that she was not entitled to an automatic discharge. " 'A defendant may waive his right to automatic discharge under OCGA § 17-7-170 by any affirmative action on his part or on the part of his counsel which results in a continuance of the case to a time outside the period of the demand.' The State bears the burden of showing waiver." (Footnotes omitted.) *Jones v. State*, 250 Ga. App. 829, 830

---

[5] We note that, while the trial court has no discretion on whether to grant a speedy trial motion under OCGA § 17-7-170, the court retains discretion over requests for leave of absence that encompass 30 calendar days or more. USCR 16.2. In situations such as this, where an attorney requests over 30 days off due to vacation, continuing legal education, or elective surgery within a two-month term, a trial court may need to exercise its discretion in denying the request for leave in whole or part or, in the alternative, requiring the defendant to choose between her speedy trial motion and representation by certain counsel. See *Jones v. State*, 250 Ga. App. 829, 836 (553 SE2d 24) (2001) (Blackburn, C. J., concurring specially) (finding that counsel, in a "remarkable display of chutzpah," blamed the trial court for failing to revoke his leave of absence and try the defendant's case. The Court also noted that "[l]awyers may well find trial courts reluctant to grant leaves of absence in the future where speedy trial demands have been filed.").

(553 SE2d 24) (2001). See also *Sykes v. State*, 236 Ga. App. 518, 520 (2) (511 SE2d 566) (1999).

In *Jones*, this Court considered circumstances remarkably similar to the instant case in deciding whether defense counsel's extensive absences could waive a speedy trial demand. In *Jones*, counsel filed a motion for speedy trial and a notice for leaves of absence covering 34 days within that term and the next succeeding three-month term. Id. at 829. Counsel also filed conflict letters which prevented his appearance at two motions hearings. Id. When the case was not tried within two terms following the speedy trial demand, counsel moved for discharge and acquittal. Id. at 830. In affirming the trial court's denial of the motion, this Court enunciated two independent bases for finding that Jones had waived his speedy trial motion. Id. at 831. First, counsel's requests for continuances and his absences resulted in "only a short window being available" to try the case within two terms. Id. Second, when counsel was unavailable for a motions hearing, the trial court, with Jones' consent, reset the case to a date outside the period allowed by the demand. Id. at 831-832. As the Court noted,

> [t]he issue of when requested continuances and leaves of absence by the defense waive the speedy trial demand and the automatic discharge is of utmost importance in an ordered constitutional system of providing timely justice to defendants while preserving the trial court's control over its docket. We must guard against manipulations that would allow defense counsel the power to force the trial court to try the case during a short window between defense leaves of absence and continuances. On the other hand, we do not hold that *any* leave of absence request waives the speedy trial demand, for such is too harsh and would ignore the problem of forcing defense counsel to forgo even a single short leave of absence request or else face the forfeiture of the client's right to a speedy trial.

(Footnote omitted; emphasis in original.) Id. at 831.

In the instant case, Head's voluntary absences from court left only nine days to try this case within the second term. See footnote 3, supra; *Jones v. State*, 250 Ga. App. at 835 (Blackburn, C. J., concurring specially) (counsel's numerous absences made it "virtually impossible" to schedule a trial). Further, Head's unauthorized absence on December 13, 1999, the day of trial, as well as his refusal to comply with the trial court's instructions to try the case that week or withdraw the speedy trial demand, caused Dodge's trial to be delayed beyond the two-term limit. See *Jones v. State*, 250 Ga. App. at 835-

836 (Blackburn, C. J., concurring specially); *Sykes v. State*, 236 Ga. App. at 520 (2) (even though counsel did not formally request a continuance, the voluntary absence from trial of counsel or defendant may be considered in determining whether the speedy trial demand had been waived); *Knight v. State*, 197 Ga. App. 250, 251-252 (1) (398 SE2d 202) (1990) (defendant effectively consented to a continuance beyond the term of court when counsel's extended leave prevented trial before the end of the term). These two circumstances were independent bases to find that Dodge waived her speedy trial demand and right to automatic discharge. *Jones v. State*, 250 Ga. App. at 831; *State v. Davis*, 243 Ga. App. 867, 868 (534 SE2d 159) (2000); *State v. Allen*, 165 Ga. App. 86, 87 (299 SE2d 158) (1983) (voluntary absence from court may act as waiver of speedy trial demand).[6]

Further, it is clear to this Court that the practice of postponing trial through a series of extended absences is becoming more common. The speedy trial statute, however, does not allow the defendant to demand that her trial be conducted only during those periods when it is convenient for the defendant and her counsel. See *Birts v. State*, 192 Ga. App. 476, 481 (385 SE2d 120) (1989) (Beasley, J., dissenting). "It does not say defendant may condition demand to certain dates or to exclude certain dates. . . . To the contrary, the statute implies that if defendant demands prompt trial, he or she must be ready when the case is legitimately called." Id.

We take special notice of Chief Judge Blackburn's special concurrence in *Jones* and adopt it herein. It reminds us that the purpose of OCGA § 17-7-170 is "to insure the prompt trial of criminal defendants, not create a system by which lawyers can manipulate the system for the purpose of avoiding trial." Id. at 835 (Blackburn, C. J., concurring specially). We cannot allow the precarious balance between the defendant's rights and the State's duties upon a speedy trial demand "to be upset by defense counsel's interplay of motions, leaves of absence, and conflict letters which were used to both manipulate and abuse the system." Id. at 832 (Blackburn, C. J., concurring specially). See also *Fisher v. State*, 273 Ga. 721, 723 (545 SE2d 895) (2001) (Georgia courts have attempted to prevent the manipulation of the trial calendar by *both* the defendant and the State); *Birts v. State*, 192 Ga. App. at 479 (Pope, J., concurring specially) (expressing

---

[6] Cf. *Williams v. State*, 216 Ga. App. 109, 110 (1) (454 SE2d 142) (1995) (continuance did not delay trial past end of term); *McKnight v. State*, 215 Ga. App. 899, 900-901 (453 SE2d 38) (1994) (counsel notified the court that he was prepared to try the case that day as scheduled, but failed to appear due to an alleged miscommunication); *Birts v. State*, 192 Ga. App. 476-477 (385 SE2d 120) (1989) (counsel's seven-day leave of absence during two terms did not serve to waive defendant's motion for speedy trial).

concern that a leave of absence may be used as a manipulative tool to avoid trial).

Accordingly, we find that Dodge, by acquiescing in her counsel's numerous absences, waived her speedy trial demand. We reverse the trial court's grant of Dodge's motion for discharge and acquittal and remand the case for trial.

3. Notably, a separate basis exists for reversing the trial court's grant of Dodge's motion for discharge and acquittal. Dodge failed to present any evidence that a jury was impaneled and qualified to try her during the few days that remained in the September 1999 term after she filed her motion for speedy trial on October 21, 1999. Even if Head had not requested a leave of absence on October 28 and 29, only six days remained in the September term to try the case: October 22, 25, 26, 27, 28, and 29.

> [OCGA § 17-7-170] requires that a person under indictment or accusation who files a demand for a speedy trial must be tried in the term in which the demand is made or at the next succeeding regular court term thereafter, provided at both court terms there were juries impaneled and qualified to try [her]. . . . *A term or a remainder of a term in which no juries are impaneled and qualified to try the case is not counted for purposes of OCGA § 17-7-170.* . . . Thus, the [September] 1999 term of court . . . would count for purposes of OCGA § 17-7-170 (b) only if jurors were impaneled and qualified at the time of [her] demand, or thereafter in the term, and the [November 1999] term would count only if jurors were impaneled and qualified during that term. The record is devoid of any evidence that jurors were impaneled and qualified to try [Dodge] when [she] filed [her] demand, or during the remainder of the [September] 1999 term, or that any jurors were impaneled and qualified in the [November 1999] term. [Dodge] neither submitted an affidavit from the clerk, nor obtained the presence of any witness at the hearing on the motion for acquittal. *It was [Dodge's] burden below to establish that there were qualified jurors impaneled during the relevant court terms so as to trigger OCGA § 17-7-170.*

(Citations and punctuation omitted; emphasis supplied.) *Union v. State*, 273 Ga. 666-667 (543 SE2d 683) (2001). See also *Redstrom v. State*, 239 Ga. App. 769, 770 (521 SE2d 904) (1999); *MacInnis v. State*, 235 Ga. App. 732, 734 (510 SE2d 557) (1998). Since Dodge failed to establish that jurors were impaneled on October 22, 25, 26,

27, 28, or 29,[7] the trial court erred in counting the September term toward the two-term limit under OCGA § 17-7-170. Accordingly, it was error for the trial court to grant her motion for discharge and acquittal.

*Judgment reversed. Johnson, P. J., and Ruffin, J., concur.*

DECIDED AUGUST 9, 2001 —
RECONSIDERATION DENIED AUGUST 24, 2001 — 

*Carmen D. Smith, Solicitor-General, Jody L. Peskin, Cynthia G. Strong, Assistant Solicitors-General,* for appellant.
*Head, Thomas, Webb & Willis, William C. Head,* for appellee.

---

[7] In fact, Dodge failed to establish that jurors were impaneled and qualified at any time prior to the December 13, 1999 trial date.