A01A1638. LINKOUS v. THE STATE.
(561 SE2d 128)

SMITH, Presiding Judge.

Contending that he did not waive his demand for a speedy trial filed under OCGA § 17-7-170, Steven W. Linkous appeals the denial of his motion for discharge and acquittal. We find otherwise and affirm.

The chronology of this case is particularly important to an understanding of the application of the law. Linkous was arrested on April 4, 2000, and cited for reckless driving, driving under the influence, misdemeanor possession of marijuana, and operating a vehicle with a broken taillight. On April 25, 2000, Monte K. Davis entered an appearance as defense counsel and filed several motions on behalf of Linkous, accompanied by a notice of leave of absence. Defense counsel sought leave from May 29, 2000, through June 2, 2000, and from June 19, 2000, through June 30, 2000. Counsel also sought leave for a three-week period beginning December 11, 2000, and ending January 5, 2001.

The effect of filing the demand in the latter part of the March/April term of the State Court of Cobb County was to allow the prosecution only until the end of the May/June term in which to bring Linkous to trial. See OCGA § 15-6-3 (11). The filing of the notice of leave, in conjunction with the timing of the demand for speedy trial, shortened the time available for trial, leaving a window of opportunity to satisfy the demand that consisted only of approximately 45 nonconsecutive days.

The solicitor-general stated without contradiction that he first learned about the demand on June 19 or June 20 and promptly notified the trial court.[1] At about 12:15 p.m., on June 20, the judge

---

[1] Although the State filed a five-count accusation against Linkous on June 20, the demand had already been filed on the uniform traffic citations. See *State v. Gerbert*, 267 Ga.

assigned to the case personally "called the case in for trial by leaving a message on the telephone-answering device at the Law Offices of Monte Kevin Davis, setting the case to begin on June 26, 2000 at 9:00 a.m." Defense counsel did not return the judge's call, opting instead to reply by a letter faxed on June 22. The trial court noted that this letter had been signed by Davis and was faxed from his law office. In the letter, Davis responded that he was on vacation, that the "case is scheduled for an arraignment on July 7, 2000," and that "neither undersigned counsel nor the defendant are on proper notice for any other calendered [sic] court appearance in this case." The letter cited *Birts v. State*, 192 Ga. App. 476 (385 SE2d 120) (1989), for the legal proposition that "counsel's leave of absence does not act as an affirmative waiver of a defendant's demand where the State attempts to call in the case during the period of the attorney's leave." The correspondence advised the trial court that attorney Clifford L. Granger, Jr. would accompany Linkous to court but only in the capacity of a "friend of the court" and that Granger would not be authorized to enter an appearance, sign any notices for future court dates, make any announcements, or to try the case.

But on July 7, absent waiver of the demand, the State could no longer have brought Linkous to trial.[2] When the case was called for trial on June 26, Linkous was present but his defense counsel was not. The State announced ready for trial. The trial court noted, "[a]nd I would love to try this case today. But unfortunately we cannot because counsel is not available." The trial court noted that another judge of the State Court of Cobb County, who was also confronting a speedy trial demand involving the same defense counsel, had set another case down to start on the morning of Saturday, July 1. Accordingly, the court stated that Davis "can't try [this case] on Saturday and Sunday because he's now called in before Judge Glover's with a speedy trial." The trial court further observed, "So Mr. Davis has created [a] conundrum for the court system. And that conundrum, two demands for speedy trial and then left town on vacation and expects to prevail in both demands for speedy trial." The trial court noted for the record,

> I deem that Mr. Davis' conduct in this case was deliberately designed to avoid the State being able to give him the speedy trial and the Court being able to give him the speedy trial that his client was entitled to and that his conduct in totality here is egregious.

---

169, 170 (475 SE2d 621) (1996) (right to a speedy trial under OCGA § 17-7-170 attaches when State files uniform traffic citation with the court).

[2] The second term of court ended on July 3, 2000, the first Monday in July. See Ga. L. 1979, pp. 3481, 3483.

Several months later, the trial court conducted a hearing on Linkous's motion for discharge and acquittal. Linkous argued that due to the filing of his counsel's leave of absence, "the case was protected" from being called and he blamed the State for not discovering the demand sooner. Davis admitted that when Linkous hired him on April 15, "I knew I was going to be on vacation, and I knew the State must try my client before the end of June." Nevertheless, Linkous faulted the State for not satisfying his demand within the parameters of his attorney's scheduled leave.

The trial court rejected these arguments. In finding that Linkous waived his right to speedy trial, the trial court found that "Mr. Davis and his client were placed on proper notice of trial by the recorded telephone message from the trial judge." The trial court also found that "Mr. Davis intentionally made himself absent from the June 26 trial date, with full knowledge that the case was called in for trial. Such actions intentionally delayed the trial of the case and Mr. Davis' conduct is unacceptable." Noting the other case for which Davis was also defense counsel had been called for trial to begin on Saturday, July 1, 2000, at 9:00 a.m., the next to the last day of the term, the trial court also found "this judge would have had no other time within the demand to afford the defendant a speedy trial." The trial court expressed its disapproval of the tactic of "hid[ing] behind rules of notice and leaves of absence to gain unfair advantage."

In this appeal, Linkous contends that the ruling by the trial court was clearly erroneous and must be reversed. Linkous asserts that the prosecutor had ample time to bring him to trial between April 25 and June 19, less the final week of May. Linkous claims that under the straightforward provisions of OCGA § 17-7-170, he is absolutely entitled to discharge and acquittal because the State failed to comply with his speedy trial demand. Linkous contends that the trial court erred in denying his motion based upon his defense counsel's failure to appear on June 26 because the case was absolutely protected from being called due to counsel's notice of leave of absence filed under Uniform Superior Court Rule ("USCR") 16 and the court's failure to comply with USCR 32.1.

A defendant who has made a proper demand for a speedy trial is entitled to an automatic discharge without further motion if he is not tried within the second term of court, provided that a jury is present at each term and is qualified to try him. *Parker v. State*, 135 Ga. App. 620, 621 (3) (218 SE2d 324) (1975). Here, it is undisputed that jurors were impaneled during both terms of court. A defendant however may waive his statutory right to automatic discharge and acquittal by some action on his part or on the part of his counsel. Id. at 621 (4). "Any affirmative action" by a defendant which results in a continuance of the case or a failure to try it within the time fixed by statute

after the filing of a demand under OCGA § 17-7-170 has the effect of tolling the time. *Letbedder v. State*, 129 Ga. App. 196, 197, n. 1 (199 SE2d 270) (1973).

Georgia courts have long sought to guard against manipulation of the trial calendar by defendants seeking automatic acquittal while also seeking to safeguard against efforts by prosecutors to dilute the right to speedy trial by using "ingenuity" in scheduling a case. *Fisher v. State*, 273 Ga. 721, 723 (545 SE2d 895) (2001). Courts "must guard against manipulations that would allow defense counsel the power to force the trial court to try the case during a short window between defense leaves of absence and continuances." (Footnote omitted.) *Jones v. State*, 250 Ga. App. 829, 831 (553 SE2d 24) (2001). Here, clearly, Linkous would have been tried in compliance with his demand for a speedy trial, *but for* his attorney's unavailability for trial after being contacted by the trial court. See *State v. Dymond*, 248 Ga. App. 582, 586 (2) (546 SE2d 69) (2001). Although defense counsel did not request a continuance, the propriety of his absence from the proceedings on June 26 could properly be considered by the trial court in determining whether such conduct resulted in the waiver of the speedy trial demand. See *Sykes v. State*, 236 Ga. App. 518, 520-521 (2) (511 SE2d 566) (1999).

Linkous claims that his defense counsel's unopposed notice of leave filed under USCR 16.1 absolutely protected his case from being called for trial during the period from June 19 through June 30. He asserts that since the State failed to file a written objection to his attorney's leave request within ten days of April 25, 2000, as required by USCR 16.1, the leave stood granted without entry of an order.

On the contrary, simple arithmetic indicates that in a single notice, defense counsel was seeking leave in excess of 30 days within one calendar year. USCR 16.2, not 16.1, controls applications for leave exceeding 30 days. USCR 16.2 provides that

> Application for leaves of absence for more than thirty (30) days . . . must be in writing, filed with the clerk of the court, and served upon opposing counsel at least ten (10) days prior to . . . submission to the appropriate judge of the court in which [an] action pends. This time period may be waived if opposing counsel consents in writing to the application. This procedure permits opposing counsel to object or to consent to the grant of the application, but the application is addressed to the discretion of the court.

USCR 16.2. Although Linkous correctly argues that the State bears the burden of proving waiver, the record contains no evidence that

defense counsel strictly and fully complied with this rule. No evidence shows that defense counsel gave the State the requisite ten days notice before filing notice with the trial court.[3] In fact, the record does not indicate that the application was ever submitted "to the appropriate judge." Nor does the record contain a written waiver by the State of this ten-day notice rule. Therefore, by operation of USCR 16.4, counsel's application for leave stood denied. *State v. Dodge*, 251 Ga. App. 361, 363 (1) (553 SE2d 831) (2001). As a result, when the trial court notified counsel to appear for trial on June 26, defense counsel's absence from court was unauthorized. Id. Defense counsel's refusal to report for trial on June 26 despite being directed to do so was an affirmative act that resulted in the waiver of the demand. *Fletcher v. State*, 213 Ga. App. 401, 402 (1) (445 SE2d 279) (1994).

Finally, we are not persuaded by Linkous's argument that his defense counsel was not obligated to appear for trial because he and his lawyer did not receive seven days notice of the trial date in accordance with USCR 32.1. Noncompliance with Rule 32.1 must be judged by the circumstances of each case. *Payne v. State*, 195 Ga. App. 523, 524 (1) (394 SE2d 781) (1990). Here, the trial court was attempting to comply with the demand for trial, and the only way to do so was by deviating from the notice requirement of USCR 32.1. See *Croft v. State*, 180 Ga. App. 705, 706 (350 SE2d 34) (1986). In these circumstances, we cannot say that the trial court clearly erred in finding a waiver of the demand. See *Day v. State*, 187 Ga. App. 175 (1) (369 SE2d 796) (1988).

*Judgment affirmed. Barnes and Phipps, JJ., concur.*

DECIDED FEBRUARY 5, 2002 —
RECONSIDERATION DENIED FEBRUARY 25, 2002 — 

*Monte K. Davis*, for appellant.
*Barry E. Morgan, Solicitor-General, Thomas E. Griner, Assistant Solicitor-General*, for appellee.

---

[3] The result would be the same under USCR 16.1 which regulates requests for leave of fewer than 30 days since no evidence shows that a copy of the notice was sent contemporaneously to the judge. Nor does the certificate of service name any counsel or reflect service upon any judge or clerk. USCR 16.4 requires strict compliance with its terms and procedures.