S01G1816. JONES v. THE STATE.
S02G1032. LINKOUS v. THE STATE.
S02G1376. MIMMS v. THE STATE.
(575 SE2d 456)

CARLEY, Justice.

These three unrelated criminal cases are consolidated for purposes of this appeal. The Court of Appeals affirmed the judgment in each of them, extensively and chronologically detailing their respective facts in separate opinions. *Jones v. State*, 250 Ga. App. 829 (553 SE2d 24) (2001); *Linkous v. State*, 254 Ga. App. 43 (561 SE2d 128) (2002); *Mimms v. State*, 254 Ga. App. 483 (562 SE2d 754) (2002). We granted certiorari to construe Uniform State Court Rules 16.1 and 16.2 regarding an attorney's leaves of absence and to consider the effect of those rules on a demand for speedy trial.

In each case, the same attorney represented the defendant and filed at least one notice of leave of absence. Each notice encompassed several different periods of time totaling more than 30 days. In both *Jones* and *Linkous*, defense counsel also filed several pre-trial motions and a demand for speedy trial pursuant to OCGA § 17-7-170. In *Linkous*, the defense attorney refused to report for trial on one of the dates specified in the notice of leave of absence. Jones and Linkous each appeared personally in court without their attorney and signed a notice rescheduling his case for a date subsequent to the close of the term by which each case had to be tried in order to comply with the speedy trial statute. The trial court in each of those two cases denied a motion for discharge and acquittal. In *Mimms*, defense counsel entered an appearance after the defendant was convicted. When Mimms' lawyer did not appear for a hearing on the motion for new trial during a purported leave of absence, the trial

court denied that motion without a hearing.

In *Jones v. State,* supra at 831-832, the Court of Appeals held that defense conflicts and leaves of absence resulted in only a short window being available to try the case during the second term and waived the speedy trial demand, and that Jones consented to the resetting of his trial outside the second term. In *Linkous v. State,* supra at 46-47, the Court of Appeals rejected the claim that defense counsel's notice of leave of absence absolutely protected the case under Rule 16.1 from being called for trial, because the total leave sought exceeded 30 days in one year. In *Mimms v. State,* supra at 485-486 (1), the Court of Appeals cited *Linkous* and similarly held that, because the leave requested exceeded 30 days, it was not automatic under Rule 16.1, but rather within the trial court's discretion under Rule 16.2.

Uniform State Court Rules 16.1 and 16.2 are identical to the Uniform Superior Court Rules of the same numbers. In pertinent part, Rule 16.1 entitles an attorney to a leave of absence for 30 days or less by submitting a written notice, a copy of which is sent to the judge and all opposing counsel. Unless opposing counsel files a written objection within 10 days or the trial court denies the leave, it stands granted without entry of an order. Rule 16.2, on the other hand, permits a written application for leaves of absence for more than 30 calendar days, which is to be served on opposing counsel at least 10 days prior to submission to the trial judge. Such application is addressed to the discretion of the trial court. Thus, under Rule 16.2, "a leave of absence requesting in excess of 30 days is not automatically granted, but rather is left to the trial court's discretion." *Mimms v. State,* supra at 485 (1).

The Court of Appeals has consistently held, not only in *Linkous* and *Mimms,* but also in *State v. Dodge,* 251 Ga. App. 361, 363 (1) (553 SE2d 831) (2001), that Rule 16.2 applies whenever the requested leaves of absence exceed 30 days in the aggregate. This construction of the rule is most consistent with its initial language which, rather than utilizing the singular form "leave," uses the phrase "Application for leaves of absence for more than thirty (30) calendar days." The rulings of the Court of Appeals also advance the purpose of Rule 16.2, which is to provide procedural safeguards, beyond those in Rule 16.1, with respect to those requests for leave which have a high potential for interfering with the orderly scheduling of cases. Leaves of absence for a total of more than 30 non-consecutive days have a potential for such interference which is comparable to a single leave of more than 30 consecutive days. In either instance, the precautions set forth in Rule 16.2 are equally appropriate. The mere fact that some attorneys, in response to this construction of the rule, may request shorter leaves of absence more frequently does not defeat the purpose of the

rule. In that situation, the shorter length of total leave time in each request makes it unlikely that the more lenient procedure of Rule 16.1 will cause the trial court and opposing attorneys to overlook some scheduling dilemma. If an important scheduling consideration is overlooked, the shorter length of total leave time also makes it improbable that the consequences will be serious or irreparable. Accordingly, the Court of Appeals correctly held that "a notice of leave of absence covering more than 30 calendar days, whether all at the same time or over several time periods, falls under [Rule] 16.2, not [Rule] 16.1. [Cits.]" *Mimms v. State*, supra at 485 (1).

Because the request for leave of absence in *Mimms* was for more than 30 days and was never granted by the trial court, "at the time of the hearing on the motion for new trial, no valid leave of absence was in place." *Mimms v. State*, supra at 485 (1). In *Linkous*, the requested leave time also exceeded 30 days, but there is no evidence that defense counsel gave the State the requisite 10 days' notice or that the application was ever submitted to or ruled upon by the appropriate judge. "Any application for leave not filed in conformance with [Rules 16.1 and 16.2] will be denied." Rule 16.4. Thus, the Court of Appeals correctly determined that, "by operation of [Rule] 16.4, counsel's application for leave stood denied. [Cit.]" *Linkous v. State*, supra at 47. Although the Court of Appeals did not rely on the invalidity of the notice of leave of absence in *Jones*, the total requested leave exceeded 30 days, but was never granted by the trial court pursuant to the procedural requirements of Rule 16.2. Therefore, no valid leave of absence was ever in place in any of these three cases.

The remaining question is whether Appellants waived certain rights as a result of reliance on their attorney's invalid leaves of absence. In *Mimms*, defense counsel was aware that the hearing on the motion for new trial was scheduled during his purported leave of absence, but he failed to notify the court or to appear. Because the only reason for this failure to appear was the unauthorized leave of absence, the trial court did not err in finding that Mimms' lawyer waived the right to a hearing on the motion for new trial. *Mimms v. State*, supra at 485-486 (1); *Dunn v. State*, 172 Ga. App. 146 (1) (322 SE2d 349) (1984).

In *Jones* and *Linkous*, we must determine whether defense counsel waived the defendant's statutory speedy trial demand.

> Waiver may result from any act that shows a defendant affirmatively consented to passing the case until a later term. [Cits.] When a defendant performs any affirmative act, he is expected to have accepted all of the consequences that arise from the action. [Cits.]. . . . Georgia courts have sought to guard against manipulation of the trial calendar

> by defendants seeking automatic acquittal ([cits.]) as well as dilution of the right to a speedy trial by conditioning it on the "convenience" or "ingenuity" of the State in scheduling the case. [Cit.]

*Fisher v. State*, 273 Ga. 721, 722, 723 (545 SE2d 895) (2001). "A defendant may waive his right to automatic discharge under OCGA § 17-7-170 by any affirmative action on his part or on the part of his counsel which results in a continuance of the case to a time outside the period of the demand." *Fletcher v. State*, 213 Ga. App. 401, 402 (1) (445 SE2d 279) (1994). Even though defense counsel did not request a continuance, he affirmatively sought to avoid trial in reliance upon a rule which did not authorize his absence under the circumstances. *Sykes v. State*, 236 Ga. App. 518, 520 (2) (511 SE2d 566) (1999). Accordingly, the Court of Appeals correctly concluded in Linkous' case that defense counsel's refusal to report for trial on a certain date specified in his defective notice of leave of absence "despite being directed to do so was an affirmative act that resulted in the waiver of the demand. [Cit.]" *Linkous v. State*, supra at 47.

In Jones' case, a combination of motions and conflict letters prevented the motions hearing and the trial from occurring until late in the term during which the speedy trial statute required trial. Because the earliest time for hearing motions was a date in June, the earliest dates for trial became the final two weeks of the term, all of which were purportedly covered by the notice of leave of absence. By placing and keeping that document in the record, Jones' attorney affirmatively and continually represented that he was unavailable for trial, despite the fact that the defective notice did not authorize his absence. Thus, he was absent, without excuse, on the only days remaining in the term by which Jones had to be tried. See *Sykes v. State*, supra at 521 (2). When the trial court delayed trial until after the end of the term, defense counsel's affirmative action had unjustifiably "effectively removed the State's final opportunity to comply with the speedy trial demand." *Fisher v. State*, supra at 723. Therefore, the Court of Appeals correctly found that the actions of Jones' attorney waived the speedy trial demand. If we were to hold otherwise, the harshest sanction available would be required any time a defendant's attorney places on the record a defective notice of leave of absence, and the trial court delays trial until after the purported leave. "Because the penalty imposed by [OCGA § 17-7-170] against the [S]tate is so great, it must be strictly construed." *Day v. State*, 187 Ga. App. 175, 176 (2) (369 SE2d 796) (1988).

> Contrary to the view of some, our legal system is not simply an elaborate game of "Gotcha!" This Court does not endorse

acquittal by ambush on the part of a defendant any more than it does trial by ambush on the part of the State. Nor do we condone induced error. The object of all legal investigation is the truth, and procedural rules are in place to further such goal in an orderly fashion.

*Price v. State*, 245 Ga. App. 128, 134 (2) (b) (535 SE2d 766) (2000). *Judgments affirmed. All the Justices concur.*

DECIDED JANUARY 13, 2003 —
RECONSIDERATION DENIED FEBRUARY 10, 2003.

*Case No. S01G1816*

*Monte K. Davis*, for appellant.
*Gwendolyn R. Keyes, Solicitor-General, Heather C. Waters, Mirza Qader Ali Baig, Assistant Solicitors-General*, for appellee.

*Case No. S02G1032*

*Monte K. Davis*, for appellant.
*Barry Morgan, Solicitor-General, Thomas E. Griner, Assistant Solicitor-General*, for appellee.

*Case No. S02G1376*

*Monte K. Davis, George A. Stein*, for appellant.
*Joseph J. Drolet, Solicitor-General, Katherine Diamandis, Assistant Solicitor-General*, for appellee.